## CHANDLER v. RICKER.

### [In Chancery.]

#### Tenants in Common. Ouster of One by Another.

In 1834, orator purchased a lot of land with the joint funds of himself and his two brothers, taking and holding the title of two undivided thirds thereof in trust for his brothers equally. In 1842 and 1843, the brothers respectively conveyed one undivided third of said land to C., by deed of warranty. Upon C.'s death, the thirds so conveyed to him were set to his daughter P. Afterwards the guardian of P. conveyed them to J. R., and finally, through J. R., in 1870, they came to defendant. *Held*, on a bill for partition and an accounting, that orator and defendant were tenants in common of the whole lot.

A tenant in common, to show an ouster of his cotenant, must show acts of possession inconsistent with, and exclusive of, the rights of such cotenant, and such as would amount to an ouster between landlord and tenant, and knowledge on the part of his cotenant of his claim of exclusive ownership. Proof of notice to one who had been the agent of the cotenant for watching trespassers and paying taxes, but whose agency had terminated before the giving of notice, is insufficient proof of the knowledge required to be shown, both because of the narrowness of the agency and of its previous termination. Evidence that the land is a wild, mountain lot, nearly covered with forest, and that the occupation was under a deed conveying an undivided part thereof, and by an occasional cutting of a few trees for shingles or timber, and by peeling and carrying away a few loads of bark, at a merely nominal profit, is, in itself, of little weight as evidence of the acts required to be shown.

APPEAL from the Court of Chancery.

The bill alleged, that on January 1, 1865, the orator was owner in fee of one, and the defendant of two, undivided thirds of a lot of land known as lot No. 180 of the second division of lots in the town of Groton; that the orator and the defendant, being thus tenants in common of said land, were in equity bound to commit no waste; but that the defendant, not regarding his duty in that behalf, cut and carried away a great number of logs and a great quantity of lumber, bark, &c.; that although it was his duty to account for one third of the same, yet he had neglected and refused so to do, and had never accounted for any part thereof; and that it would be for the interest of both parties to have the land divided. *Prayer* for partition, and an account of rents and profits.

The answer denied that defendant, on said January 1st, was owner in fee of two-thirds of said lot, and tenant in common thereof with orator, but alleged that on May 9, 1870, defendant purchased the whole of said lot, and took a warranty deed thereof, and hath ever since claimed to be the sole owner thereof; that he and his grantors had occupied, used, and possessed said lot, claiming to own the same, ever since 1849, and that such claim and occupation were open and notorious, and adverse to the orator and all other persons, which the orator well knew; that orator never made claim to any part of said lot till the commencement of this suit, and never had any valid claim thereto, and if he had color of title, the same was defective and invalid; and denied the commission of the acts upon said lot wherewith he was charged, except a small part thereof.

The answer was traversed, and testimony taken. Defendant's deed of May 9, 1870, purported to convey two undivided thirds of said lot, and all the title that the grantor had by grant or possession to the whole lot.

The court, at the December Term, 1875, Caledonia County, Ross, Chancellor, entered a decree for partition, and appointed commissioners. An accounting was waived. Appeal by defendant.

The orator, *pro se*, cited *Wilkins* v. *Burton*, 5 Vt. 76, 85; *Wiswall* v. *Wilkins*, 5 Vt. 87; *Catlin* v. *Kidder*, 7 Vt. 12; *Buckmaster* v. *Needham*, 22 Vt. 617, 622; *Roberts, Admr.* v. *Morgan*, 30 Vt. 319; *Leach* v. *Beatties*, 33 Vt. 195.

J. A. *Wing*, for the defendant, cited 2 Bl. Com. 191 *et seq.*; *Doe d. Fisher* v. *Prosser*, 1 Cowp. 217; *Goodlittle d Hart* v. *Knott*, 1 Ib. 214; *Colchester* v. *Culver*, 29 Vt. 111; *Townsend* v. *Estate of Downer*, 32 Vt. 183; *Sellick* v. *Starr*, 5 Vt. 255; *Roberts, admr.* v. *Morgan*, 30 Vt. 319; *Hawley et ux.* v. *Hawley*, 34 Vt. 525; *Hall* v. *Dewey*, 10 Vt. 543; *North, admr.* v. *Barnum*, 10 Vt. 220; *Ripley* v. *Yale*, 19 Vt. 156.

The opinion of the court was delivered by

REDFIELD, J. The orator claims in this bill, that he is the owner of one third, and the defendant of two thirds, of lot No.

17

180, of the 2d division of lots in the town of Groton; and seeks partition, and an account of rents and profits.

The orator purchased the whole lot at a vendue sale, and took a deed of the same from John Tacey, the collector, June 13, 1834. And the orator proves by parol evidence, that he purchased said land with the joint funds of himself and his two brothers, Samuel A. and Geo. B. Chandler; and that he took and held two-thirds of the title in trust for his two brothers equally. Each of the two brothers conveyed one third of the lot to S. G. Clark, in 1842 and 1843, by deeds of warranty. It is conceded for the purpose of this trial, that John Tacey's vendue sale was regular, and that good title was conveyed to the orator by said collector's deed; and that in the settlement of Samuel G. Clark's estate, this lot was treated as the property of his estate, and, in the distribution, was set to Phœbe Clark, a minor, and one of the heirs of said Samuel G. John Roberts was duly appointed guardian of said Phœbe, and under proper license from the Probate Court, conveyed two undivided third parts of said lots to Joseph Ricker. And this undivided two thirds of said lot was conveyed to the defendant May 9, 1870.

I. The defendant claims that the record title being wholly in the orator, conceding that he held two thirds of such title in trust for his two brothers, it would not make the assignees and grantees of the *cestuis que trust*, tenants in common with the orator. All the deeds in the chain of title under which defendant claims, assume to convey only a fractional interest in said property; and on the face of his deeds, defendant must concede that he holds in common with the actual owner of the other third.

' The orator, though showing the apparent record title to the whole lot, concedes that his brothers, who were the source of defendant's title, were the full owners in equity, of the title they assumed to convey.

The defendant also proves that his title, though in its origin a mere equitable estate, had, before this proceeding, by long possession under a deed of a fractional interest, ripened into a perfect legal title to the extent at least that his deeds assumed to convey. To constitute tenants in common, it is not necessary that their

respective titles should be like in quantity or quality. "Their proportionate shares may be unequal; the modes of acquiring these titles may be unlike; one may hold in fee, and another for life; one may acquire his title by purchase, and another by descent; one may hold a fifth, and another a tenth. And there may be a tenancy in common among several owners of a remainder." 1 Washb. Real Prop. 430. The orator's title is conceded to have been perfect in its origin; and he concedes that two thirds of his title has, by several *mesne* conveyances from his brothers (for whom he held it in trust), become vested in the defendant. This, we think, constitutes them tenants in common.

II. The defendant claims that he and his grantors have been in possession, adverse to the orator, for more than fifteen years before this proceeding was commenced. The well-settled principle that the possession of one tenant in common is, by legal intendment, a possession of and for all, is not denied. The defendant claims that Joseph Ricker, who deeded to defendant's grantor, repudiated his relation as cotenant, evicted the orator, and for more than fifteen years before the commencement of this suit, held adversely.

In order to sever his relation as cotenant, and render his possession adverse, it must be affirmatively shown that the orator had knowledge of his claim of exclusive ownership, accompanied by such acts of possession as were not only inconsistent with, but in exclusion of, the continuing rights of the orator; and such as would amount to an ouster as between landlord and tenant. *Buckmaster* v. *Needham*, 22 Vt. 617, 622; *Roberts, admr.* v. *Morgan*, 30 Vt. 323; *Leach* v. *Beattie*, 33 Vt. 195.

In the case of *Doe* v. *Prosser*, 1 Cowp. 217, which is a leading case, and strongly relied upon by the defense, Lord MANSFIELD says: "The possession of one tenant in common, *eo nomine* as tenant in common, can never bar his companion, because such possession is not adverse to the right of his companion, but in support of their common title." But in that case the defendant had been in peaceful and exclusive possession of cultivated land for forty years, taking the whole income and profits to himself; and the demandant had looked on quietly for that term, asserting

no right, and claiming no share of the annual income ; and it was left to the jury to determine whether this possession was not, in fact, as the parties had treated it for this long term, adverse and exclusive.

But the occupation of a wild mountain lot, covered with forest, save a patch of some three or five acres, by occasionally cutting a few trees for shingle or timber, and pealing and carrying away a few loads of bark, where the profits are nominal, and under a title-deed conveying an undivided fraction of the lot, of itself affords little evidence of an ouster of the cotenant, or an adverse claim.

The case, upon this point, must rest mainly upon the proof that Joseph Ricker gave notice to the orator at the time alleged, that he held the possession adversely to the orator. The defendant testifies that, as agent and in behalf of his father, Joseph Ricker, he gave notice to John Roberts that his father claimed to be in possession of the whole lot as owner.

Without determining whether such notice was, in fact, given (for it is denied by Roberts), we think Roberts was not, at the time, such agent of the orator, that notice to him would affect the orator with notice. Roberts's testimony is the only evidence of his agency ; and he testifies that the orator employed him to watch trespasses and pay taxes on said land ; that he put into his hands a schedule and diagram of lots that he claimed to own, as a guide to him in the performance of his duties, but this lot was not included in said schedule. The land in said schedule had been sold before the notice is claimed to have been given ; and Roberts testifies that as the business assigned him had been finished, his agency had ended ; so that at the time, he was not the agent of the orator for any purpose. But if we should assume that the agency continued, we think it too narrow and restrictive to affect the orator's rights.

The law presumes that the defendant and his grantors, occupying under deeds conveying an undivided fraction of this lot, have claimed and occupied in conformity to their title. And the kind and manner of occupancy is not such as to work an ouster of the orator. Decree affirmed ; cause remanded.