Malletts Bay Homeowner's Assoc., Inc. v. Mongeon Bay Properties, Inc., No. S1216-04 CnC (Norton, J., June 3, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                                                    SUPERIOR COURT
Chittenden County, ss.:                                                   Docket No. S1216-04 CnC

MALLETTS BAY HOMEOWNERS' ASSOCIATION, INC.

v.

MONGEON BAY PROPERTIES, LLC

ENTRY REGARDING DEFENDANT'S REQUEST
FOR A TEMPORARY RESTRAINING ORDER

Defendant Mongeon Bay Properties, LLC seeks injunctive relief from Plaintiff Malletts Bay Homeowners' Association, Inc. and putative intervenors, Anthony Sineni and Michael DiVincenzo. MBP requests a temporary restraining order ceasing the installation of a septic system in Colchester, Vermont, on the shores of Lake Champlain. For the following reasons, the court denies MBP's request.

The parties and putative interveners have a complex relationship in this case. The underlying action concerns a partition, whereby Plaintiff aims to divide the Colchester property it owns as a tenant-in-common with Defendant. Plaintiff is also a lessee in a ground lease of the property with Defendant as one of the lessors. The lease commenced on May 1, 1996, and currently grants Plaintiff exclusive use of the property through April 30, 2036. Since entering the lease, Plaintiff bought a 43.75 percent interest in the property from one of the lessors, which resulted in its tenancy-in-common relationship with Defendant. Defendant is the successor in interest to the remaining 56.25 percent interest.

Plaintiff is an association of owners of campground plots on the property. Two of these owners, the putative interveners, have been involved in installing a septic system, which is required before building a new home on the property. The current system is failing and poses serious health and environmental risks. The putative interveners, with Plaintiff's help, secured a permit from the Town of Colchester to install the septic system. Defendant challenged this permit before the Town of Colchester Select Board, arguing that as a co-owner, Defendant's approval was required. The Board denied Defendant's petition to revoke on May 13, 2005.

Defendant now argues that the ground lease prohibits the putative interveners from building a septic system on a portion of "common land" on the property under the lease. Paragraph 4(f) of the lease states that "Lessor shall have the exclusive right to use the wooded area easterly of the existing house and camp lots, EXCEPT that Lessee and its SubLessors shall have the right to walk and hike in the area and to remove vegetation from the area for purposes of cleaning up the woods." The septic system is to be installed on this common land. Defendant also argues that Plaintiff, as a tenant-in-common, has breached its fiduciary duty to Defendant and effected a disseisin on Defendant by authorizing the putative interveners to construct the septic system.

Injunctive relief is an extraordinary remedy not routinely granted unless the right to relief is clear. Comm. to Save the Bishop's House v. Med. Hosp. of Vt., 136 Vt. 213, 218 (1978). Courts will issue injunctive relief only if the moving party can demonstrate immediate and irreparable harm. V.R.C.P. 65(a). Four factors determine whether there is immediate and irreparable harm: (1) the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted, (2) the balance between this harm and the injury that granting the injunction would inflict on the defendant, (3) the probability that the plaintiff will succeed on the merits, and (4) the public interest. In re J.G. Juvenile, 160 Vt. 250, 255 n.2 (1993). Moreover, equitable relief is not appropriate where there is a remedy at law. Campbell Inns v. Banholzer, Turnure & Co., 148 Vt. 1, 4 (1987).

The provision in Paragraph 4(f) of the ground lease does not prevent Plaintiff's conduct here. Plaintiff is no longer a mere lessee; it also has rights as a tenant-in-common. In a sense, Plaintiff is its own landlord. Therefore, the "exclusive right to use" the Common Area is exclusive to both Plaintiff and Defendant. In assisting the putative interveners in building the septic system, Plaintiff was wearing its owner's hat, not its lessee's hat. Paragraph 4(f) has no bearing, and Defendant has no right to an injunction based on that provision.

With regard to Defendant's arguments regarding disseisin and fiduciary duties, the court holds that Plaintiff fail to show a reasonable likelihood of success on the merits or that significant harm would ensue. Moreover, there are adequate remedies at law, if harm should result. Therefore, the court denies Defendant's request for a temporary restraining order.

First, in order to show that Plaintiff effected disseisin, Defendant must demonstrate ouster, which requires a showing that Plaintiff engaged in "such acts of possession as were not only inconsistent with, but in exclusion of, the continuing rights" of Defendant. Chandler v. Ricker, 49 Vt. 128, 131 (1876). There is a presumption that the possession and use of land owned by a tenant-in-common is permissive and amicable. Ransom v. Bebernitz, 172 Vt. 423, 432 (2001). The "presumption against ouster of a co-tenant can be overcome only 'by some overt and notorious act or acts of an unequivocal character, indicating an assertion of ownership of the entire premises to the exclusion of the right of the co-tenant.'" Id. (quoting Scott v. Leonard, 119 Vt. 86, 102–03 (1956)).

Here, installing a septic system on the land is not an act wholly excluding Defendant from the common land. Rather, it is an act improving the overall value of the land, as it will resolve likely health and environmental problems that would otherwise occur. The court does not view this septic system as an "overt and notorious act" or an act of "unequivocal nature" indicating an assertion of ownership over the common land. Defendant has failed to overcome the presumption of permissiveness and amicability to show an ouster and thus has little likelihood of success on the merits with respect to demonstrating disseisin. Moreover, Defendant has not shown that the improved value of the land will not outweigh any abstract harm from having a septic system on the common land.

With regard to fiduciary duties, co-tenants have fiduciary duties "to protect and secure the common interest, and neither co-tenant may assume a hostile attitude toward his other co-tenants." Cooper v. Cooper, 173 Vt. 1, 8 (2001). As discussed above, however, Plaintiffs have not acted in a hostile attitude toward Defendant by installing a septic system. The septic system is necessary to improve the condition of the interest and it will not result in an ouster of Defendant. Defendant has therefore failed to show that Plaintiff breached its fiduciary duties as a tenant-in-common or to show how such a breach, if any, would harm Plaintiff.

Second, even if Defendant were to show either a disseisin or a breach of fiduciary duty, Defendant has adequate remedies at law, as through damages to the diminished

3

value of the property or through an ejectment proceeding. Such remedies at law render equitable intervention by the court inappropriate.

ORDER

For the foregoing reasons, Defendant's motion for a temporary restraining order is DENIED.

Dated at Burlington, Vermont, June 3, 2005.

_____/s/_____
Richard Walsh Norton   Judge