### Samuel Oakman *vs.* Alvan Rogers & others.

Suffolk. March 28. — April 5, 1876. Colt & Lord, JJ., absent.

A. offered by letter to " help out " B. at a certain price with a kind of article of which A. had a full supply. B. promptly accepted the offer by letter, and named the quantity he would like, together with the manner of delivery. A. replied to B. by letter, on the same day, that by his offer he merely meant to substitute B. in his place in an offer made to him. *Held*, in an action by B. against A. on an alleged agreement of sale, that these letters did not show such an agreement, nor constitute a sufficient memorandum to take the case out of the statute of frauds.

Contract for breach of an agreement to sell fruit jars to the plaintiff. The answer contained a general denial, and set up the statute of frauds. At the trial in the Superior Court, before *Rockwell*, J., the plaintiff put in evidence, to support the alleged agreement, the following letters, all dated July 2, 1874:

" To Samuel Oakman, Esq. : Will you please send by bearer 6 blank letter heads on which we can write copies of your letter of yesterday, to enable our travelling men to bull the price a little on porcelain and glass top jars. We now have full supply of both, and if any of your customers can't get enough, we will help you out at $16 qt. and $20 2 qt.          Rogers & Co."

" Messrs. Rogers & Co. : Yours of this date received. I accept your kind offer for porcelain and glass top fruit jars at

$16 qt. and $20 half gals. Please book me for 500 gross porcelain lined jars, say three hundred gross qts., two hundred gross half gals. Make deliveries, one hundred gross per week, commencing next week any time after fifth inst. I am very glad to be helped out of my dilemma. Samuel Oakman."

" To Samuel Oakman, Esq. : Our offer to you was based on a telegram from Consolidated Fruit Jar Co., and you can use this line for authority to take the offer in our place and so simplify the transaction, as we are willing to relinquish any benefit there may be in the trade, having, since writing you, concluded to accept a still better offer for another jar. Rogers & Co."

Upon this evidence, by the consent of parties, before verdict, the case was reported for the determination of this court upon the questions whether the letters created any contract between the parties, and whether the letters were a sufficient note or memorandum in writing of the contract within the statute of frauds. If the court were of opinion that the plaintiff could maintain his action, the case was to stand for trial; otherwise judgment for the defendants.

*S. C. Darling*, for the plaintiff.

*D. C. Linscott*, for the defendants.

BY THE COURT. The letters relied on do not show that the parties ever agreed on the number of jars, the time or manner of delivery, or the other terms of the alleged contract of sale, and are not a sufficient memorandum to take the case out of the statute of frauds. *Judgment for the defendants.*