### J. R. MAY & another vs. L. B. WARD.

Suffolk. Nov. 11, 1881; Nov. 14, 1882. — Jan. 6, 1883. W. ALLEN & HOLMES, JJ., absent.

A contract in writing signed by the defendant, a manufacturer of sheet-iron, was as follows: "I hereby agree to ship you balance of twelve cars sheet-iron which we owe you on a previous arrangement, same to be agreed upon at prices and terms as below and specification not to exceed one car of heavy sizes heavier than twenty-one gauge and not more than one car of thirty gauge. Balance of specification to be No. 21 to No. 26 gauge, all specifications to be sent us at rate of one car-load per month." Then followed a list of prices for different sizes per one hundred pounds, and terms of payment. *Held*, in an action thereon, in which it appeared that the iron to which the contract related was of greater value than $50, that the contract was for the sale of goods, and not for labor and materials; that oral evidence was inadmissible to show how many cars were meant; that there was no sufficient memorandum in writing, within the Gen. Sts. *c.* 105, § 5, even as to two car-loads; and that the action could not be maintained.

CONTRACT for the refusal of the defendant to perform his part of the following contract in writing, dated February 7, 1879, signed by the defendant, and accepted by the plaintiffs:

"I hereby agree to ship you balance of twelve cars sheet-iron which we owe you on a previous arrangement, same to be agreed upon at prices and terms as below and specification not to exceed one car of heavy sizes heavier than twenty-one gauge and not more than one car of thirty gauge. Balance of specification to be No. 21 to No. 26 gauge, all specifications to be sent us at rate of one car-load per month. Specification for each car to be sent from 1st to 10th day of each month, commencing from above date.

| "No. 10 to No. 16 Common Annealed Sheet Iron | . | 2 30 per 100 lbs. | |
|---|---|---|---|
| No. 17 to No. 20 " " " | . | 2 40 " " | |
| No. 21 to No. 24 " . " " | . | 2 50 " " | f O B Cars Boston Mass |
| No. 25 to No. 26 " " " | . | 2 70 " " | |
| No. 30 " " " | . | 3 70 " " | |

"Terms net cash subject to sight draft on receipt of each invoice and bill of lading by mail. Above to be shipped in your name. Should you refuse to pay any or either of our sight drafts made for any of above shipments then we should consider above contract null and void."

Answer, the statute of frauds.  Trial in the Superior Court, before *Colburn*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiffs were dealers in sheet-iron, in Boston, and the defendant was a manufacturer of such iron, in the State of Ohio. It was agreed at the trial that the iron, to which the contract relates, was of greater value than $50.  The plaintiffs offered to show, by the conversation that occurred at the time this contract was made, that the contract related to six cars; but the judge ruled that it was not competent to show this by parol. They then contended that the contract should be construed as an agreement to furnish twelve cars of iron, or two or three cars of iron.  But the judge ruled that the contract did not require the defendant to furnish twelve, or any other definite number of cars of iron; and ordered a verdict for the defendant.

If the ruling was right, judgment was to be entered on the verdict; otherwise, the verdict to be set aside, and a new trial ordered.

The case was argued, in November 1881, by *S. C. Darling*, for the plaintiffs, and by *L. L. Scaife*, for the defendant; and was reargued, in November 1882, by the same counsel.

C. ALLEN, J.  1. This was a contract for the sale of goods, and not for labor and materials.

2. It was not competent to show by oral testimony how many cars were meant.  All the essential terms must be contained in, or ascertainable from, the writing.

3. The memorandum does not contain all the essential terms of a sale, but is left incomplete and uncertain.  The words "same to be agreed upon" show that one element was to be agreed upon in the future.  The plaintiffs contend that the writing shows that at least two car-loads were to be shipped, and that the action may be maintained to recover for the failure to deliver at least that quantity.  But the promise specified is, to ship a balance "to be agreed upon," and is limited to such balance, and is not enlarged by the following stipulations, which are provisional, and dependent upon a previous determination by agreement.  Till such determination, there is no agreement. The construction of the contract in this respect is the same as if

the words were " the same to be determined by the award of A. B."; in which case, until such award, the contract would not take effect.      *Judgment on the verdict.*