CHARLES E. ASHCROFT *vs.* WILLIAM BUTTERWORTH & others.

Suffolk.　Nov. 15, 1883. — Feb. 29, 1884.　C. ALLEN & HOLMES, JJ.,
absent.

The plaintiff wrote to the defendant, " At what price will you fill my orders for gauge glasses ? "　The defendant replied by letter, " We will supply you with gauge glasses at the same rates we supply A."　Subsequently the defendant wrote to the plaintiff : " Our understanding with A. is bill at sight immediately on receipt of goods, and we hope you will comply with the same conditions ; we have put you exactly on the same terms as A. ; the present price 8½d. per lb."　*Held,* that if the plaintiff did not, after this, pay for goods received by bill at sight, the defendant was not bound to fill a subsequent order.　*Held, also,* that the defendant had the right to accept or reject any particular order.　*Held, also,* that there was no sufficient memorandum in writing to satisfy the statute of frauds, Gen. Sts. *c.* 105, § 5.

CONTRACT for breach of a written agreement to sell goods. Answer, the statute of frauds.　Trial in the Superior Court, before *Colburn,* J., who ruled that the action could be maintained ; directed a verdict for the plaintiff ; and reported the case for the determination of this court.　If the ruling was right, judgment was to be entered on the verdict ; otherwise, the verdict to be set aside, and judgment entered for the defendants.　The facts appear in the opinion.

*J. T. Wilson,* for the defendants.

*J. P. Treadwell,* for the plaintiff.

FIELD, J.　The plaintiff's letter of June 7, 1880, asked the defendants, " At what prices will you fill my orders for gauge glasses ? " to which the defendants replied by letter of July 2, 1880, " We will supply you with gauge glasses at the same rates we supply the Ashcroft Manufacturing Company."　On August 27, 1880, the defendants wrote the plaintiff : " Our

understanding with the company is bill at sight immediately on receipt of goods, and we hope you will comply with the same conditions," &c. " We have put you exactly on the same terms as the company," &c. This letter also gives "the present price 8½d. per lb.," and was received by the plaintiff on September 8, 1880, after which all the orders in dispute were sent by the plaintiff. The defendants filled four orders of the plaintiff, for which the plaintiff paid by drafts dated from seventeen to twenty-three days respectively after the receipt of the goods. The defendants expressed a want of confidence in the plaintiff, and insisted that the goods should be paid for immediately when received; and, on November 29, 1880, declined to supply him with any more goods on any terms except through the Ashcroft Manufacturing Company. This letter was received by the plaintiff on December 15, 1880, and, at this date, the plaintiff had sent in all eleven orders, of which the last seven remained unfilled. It appears that order No. 11 was sent by the plaintiff on December 8, 1880. It is uncertain how many of these seven orders were received by the defendants before they wrote the letter of November 29. Order No. 5, contained in the plaintiff's letter of October 15, was acknowledged by the defendants on October 27, in which they say, " If you can give us good reference or security, your orders will be executed according to size of orders within two to four weeks." Orders Nos. 6, 7, and 8 are referred to in the plaintiff's letter of November 15, in which he says, " I hope to have an order, No. 9, to send you this week." It does not appear whether this letter was received by the defendants before they wrote the letter of November 29. There is no evidence that the plaintiff furnished " good reference or security," as requested in the defendants' letter of October 27. The goods ordered by Nos. 3 and 4, the last goods received by the plaintiff, were sent on November 4, received on November 15, and paid for by draft, dated December 8. These goods were, therefore, not paid for when the defendants wrote the letter of November 29.

The plaintiff did not comply with the terms on which the defendants promised to fill the orders; the defendants had the right to refuse to fill further orders; and the question in the case is whether the defendants are liable for neglect to fill the orders,

or any of them, given by the plaintiff before he received notice of their refusal to supply him with more goods.

The contract between the parties, if any existed, is contained in the letters, and these are to be construed in the ordinary way, as they would naturally be understood by manufacturers and merchants. If the plaintiff would hold the defendants to their obligation, whatever it is, he must perform his part of the contract. The defendants had the right to defer filling these future orders until they ascertained whether the plaintiff paid for previous orders by bill at sight immediately on receipt of the goods; and, if they found that the plaintiff did not comply with this condition, they had a right to refuse to fill the orders. To hold that the plaintiff could send any number of orders for any quantity of goods, immediately on the receipt of the defendants' letter of · July 2, in reply to his letter of June 7, and compel the defendants to send the goods ordered, would be an unwarranted construction of the intention of the parties as expressed in their letters; and, after September 8, the plaintiff knew that the defendants insisted upon payment by him immediately on receipt of the goods, as a condition of filling his orders. As the plaintiff broke the contract, if one was made, and the defendants never waived the breach, he cannot insist upon further performance by the defendants. *Withers* v. *Reynolds*, 2 B. & Ad. 882.

But we are of opinion that no agreement is shown on the part of the defendants to send the plaintiff any gauge glasses that he might order, which became a complete contract by the plaintiff's sending an order. The whole effect of the correspondence, after the letter of August 27, is, that the defendants are willing to sell the plaintiff gauge glasses at the same rate and on the same terms as they sell the Ashcroft Manufacturing Company; that the present price is 8½d. per pound; and that the present understanding with that company is, that payment is to be made by bill at sight immediately on receipt of the goods. There is nothing in the case that shows what the agreement with the Ashcroft Manufacturing Company was, except that the present price is 8½d. per pound, and that the goods are to be paid for immediately when received, by bill at sight. Whether the price went up and down with the state of the market, we do not know. The quantity and kind of gauge glasses that the

defendants promise to supply are nowhere specified. The plaintiff ordered what he wanted.

A contract is an agreement which creates an obligation. If a person writes to a merchant, " At what price will you fill my orders for goods? " and receives in writing the answer, " I will sell you at the same rate I sell your neighbors," is the merchant bound to fill any order or any reasonable order he may receive before the offer is revoked? The offer is not certain, or capable of being made certain, in regard to the quantity or particular quality, size, and kind of goods which the merchant agrees to sell. It is not intended to bind him absolutely to sell his whole stock, or any specific part of it which the customer may order. It does not contain the means of identifying the property he offers to sell. It expresses a general willingness to sell this customer, out of his stock, at the same price' at which he sells another, and leaves the merchant the right to accept or reject any particular order. In this case it does not appear that the price is made certain by any writing signed by the defendants. The present price is indeed 8½d. per pound; but the prices generally are to be the same as those paid by the Ashcroft Manufacturing Company, and it does not appear that those prices are contained in any writing signed by the defendants, to which this offer of the defendants refers. The statute of frauds has been pleaded. We think the ruling cannot be supported. *Waterman* v. *Meigs*, 4 Cush. 497. *Sanborn* v. *Flagler*, 9 Allen, 474. *Whelan* v. *Sullivan*, 102 Mass. 204. *Oakman* v. *Rogers*, 120 Mass. 214. *May* v. *Ward*, 134 Mass. 127.

By the terms of the report, there must be

*Judgment for the defendants.*