RICHARD C. SIBLEY *vs.* LUTHER H. FELTON & others.

Suffolk.   November 23, 1891. — May 9, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Incomplete Contract — Demurrer.*

A declaration framed on the theory that an agreement, which looked to a permanent unity of the interests of the parties, but left the plan therefor to be prepared, was a completed contract, was *held* bad on demurrer.

CONTRACT, against Luther H. Felton and Frederic L. Felton, copartners under the name of Felton and Son; Nahum Chapin and George F. Chapin, copartners under the name of Chapin, Trull, and Company; Daniel R. Sortwell and Alvin F. Sortwell, copartners under the name of Sortwell and Company; and William Ward, Thomas A. Ward, and Frederick H. Ward, copartners under the name of William Ward and Sons.

The declaration was as follows:

" And the plaintiff says that the defendants are rum distillers, and that on or about Sept. 12, 1889, they entered into an agreement in writing, which was drafted for them at their request ˙ by the plaintiff, who was employed by them, for the purpose of effecting a complete and permanent unity of interest between their several distilleries, in the form of a copartnership or trust,

a copy of which agreement is hereto annexed, marked A, and made a part of this declaration.

"And the plaintiff further says, that by the terms of said agreement the business of the distilleries belonging to the defendants, and of such other distilleries as should become united in interest with them, was to be capitalized at one million dollars, and it was agreed that the amount of said capital might be increased, if necessary. It was further provided by said agreement, that a complete plan of such unity of interest and for the accomplishment of the other purposes therein contemplated should be prepared at once, and that in all other respects the purpose contemplated should be consummated at once, and that all future action to which the defendants should agree was to be binding upon them, and, in the event of any difference between them, any and all action should be binding upon the defendants to which any two of them should agree who together represented a majority in interest, with the addition, so far as concerned legal matters, of John E. Parsons, and, so far as concerned all other matters, of the plaintiff.

"And the plaintiff says that he performed a vast amount of work for the defendants, at their request, and expended a large sum of his own money in connection with said agreement of Sept. 12, and that thereafter, on Oct. 16, 1889, the defendant Frederic L. Felton, duly authorized thereto by the firm of Felton and Son, made an agreement with the plaintiff in behalf of the defendants, a copy whereof is hereto annexed, marked B, and made a part of this declaration, by which it was agreed that, the defendant Sortwell or the defendant Chapin assenting, there should be paid to the plaintiff ten per cent of the original capitalization of one million dollars, provided for by the agreement of Sept. 12, 1889, above referred to, for and in consideration of the services rendered by the plaintiff to the trust arranged between the defendants as per said agreement of Sept. 12, 1889, and in consideration of other services and attention to be given to the interests of said combination or trust by him, except in the matter of service that might be rendered by him as an officer of the trust. And the plaintiff says that he has rendered whatever services were required of him by the defendants, and was and is ready to render any other services, and to give all neces-

sary attention to the interests of said combination or trust, and he has faithfully performed or has been ready and willing to perform all which was required or to be required of him under or by virtue of said agreements, all of which is well known to the defendants. And the plaintiff says that Sortwell & Co., who, with said Felton and Son, represent a majority in interest, have agreed and assented in behalf of the defendants as provided in said agreement of Oct. 16, 1889, and the plaintiff says he is entitled to $100,000 of the original capitalization aforesaid, but the defendants have refused, and, though often requested by the plaintiff, do still refuse, to carry out their agreement. And the plaintiff says the defendants owe him $100,000, and interest thereon from Nov. 1, 1889, to the date of plaintiff's writ."

The agreement A set out that the above named parties, " being desirous of effecting a complete and permanent unity of interest between their distilleries, and also between their and other distilleries, and, preliminary to that purpose, wishing at once to accomplish such unity of interest between themselves, leaving details and the union of other distilleries to be arranged hereafter," covenanted and agreed that from and after November 10, 1889, " the business of their several distilleries shall be united in interest; the proprietors of each distillery shall contribute its business to the common interest; and the subscribers, as proprietors of their several distilleries, shall be interested in the united business of such distilleries " in the proportion therein set forth. It further set out the undertakings as declared, article 7 providing as follows : " A complete plan for such unity of interest and for the accomplishment of the other purposes herein contemplated shall be prepared at once, and in all other respects the purpose contemplated shall be consummated at once. All future action to which the four representatives above mentioned shall agree shall be binding upon the subscribers. In the event of a difference, any and all actions shall be binding upon the subscribers, to which shall agree two of the above representatives, together representing a majority in interest, with the addition, so far as concerns legal matters, of John E. Parsons, and, so far as concerns all other matters, of Richard C. Sibley."

The material part of the agreement B was as follows :

" For and in consideration of the services rendered by R. C.

Sibley to the trust arranged between Messrs. Ward, Sortwell, Chapin, and Felton, as per agreement of Sept. 12, 1889, and of other services and attention to be given to the interests of said combination or trust by him, except in the matter of service that may be rendered as an officer of the trust, it is hereby agreed by and between R. C. Sibley and Frederic L. Felton that, Mr. Sortwell or Mr. Chapin assenting:

"1. R. C. Sibley is entitled to receive ten per cent of the original capitalization of one million dollars provided for by the said agreement of Sept. 12, 1889."

"2. For the management of the affairs of the trust a board of directors shall be appointed, to consist of five, namely, Messrs. Ward, Chapin, Felton, Sortwell, and Sibley. That a majority of interest of that board, together with R. C. Sibley, shall control the acts of the board."

The defendants demurred to the declaration, on the ground that the alleged agreement set forth as a part of said declaration was uncertain, indefinite, and incomplete, and did not purport to be a final or complete contract or agreement between the alleged parties thereto, but only preliminary to the indefinite purposes and objects set forth or referred to therein; and the same was not a definite, complete, final, or binding agreement between the alleged parties, or any of them, in regard to the subject matters thereof, but was null and void in law.

The Superior Court sustained the demurrer, and ordered judgment for the defendants; and the plaintiff appealed to this court.

*C. K. Fay & A. H. Latham*, for the plaintiff.

*A. Russ*, for the Feltons.

*C. Robinson & G. A. Blaney*, for the other defendants.

MORTON, J.   The plaintiff's declaration is framed on the theory that the agreement between the defendants was a completed one. We do not so regard it. It begins by saying "that the subscribers, . . . being desirous of effecting a complete and permanent unity of interest between their distilleries, and also between their and other distilleries, and, preliminary to that purpose, wishing at once to accomplish such unity of interest between themselves, leaving details and the union of other distilleries to be arranged hereafter, have covenanted," etc. Arti-

cle 7 provides that " a complete plan for such unity of interest and for the accomplishment of the other purposes herein contemplated shall be prepared at once, and in all other respects the purpose contemplated shall be consummated at once." It is clear that on some things the minds of the parties had met, and on others they had not. The scheme or plan was not completed, and, until it was, there was no complete or final contract. Until then it was provisional and incomplete, and failure to agree upon the details or upon a complete plan would render all the preliminary agreements void. *Lyman* v. *Robinson,* 14 Allen, 242, 252. *May* v. *Ward,* 134 Mass. 127. *Ashcroft* v. *Butterworth,* 136 Mass. 511. *Freeland* v. *Ritz,* 154 Mass. 257. *Appleby* v. *Johnson,* L. R. 9 C. P. 158. *Ridgway* v. *Wharton,* 6 H. L. Cas. 238. The first cause of demurrer assigned is that the agreement between the defendants was incomplete, and as we are of opinion that this ground is well taken and is fundamental, it is not necessary to consider the other causes of demurrer. The entry must be,                    *Judgment affirmed.*