(Superior Court of Cincinnati, 1901.)

JACOB ELLIN MOSES v. MARIENTHAL et al.

(1) A contract of sale which does not specify the number or amount of the articles to be sold and bought, or from which such cannot be ascertained to a reasonable degree of certainty is void.

(2) A contract of sale for "about" 500 of a certain article means 500 of the articles.

(3) Where a custom of trade is relied on it should be pleaded.

---

Dempsey., J.

The petition avers, in substance, that by a contract between plaintiff, and defendants plaintiff agreed to deliver, and defendants agreed to accept, the following articles:— "about 500 huffhides, 1s—10⅜c; 2s—9⅞c; 1 calfskins 13c; 2s—11½; 1 kips 10½c; 2s—9c"

That the price was as indicated in the foregoing agreement; that plaintiff on a certain day, in accordance with the agreement, was able, ready and willing to deliver 69 No. 1, calf skins; 20 No. 2, calf skins; 13 No. 1 kips; 5 No. 2 kips; 158 No. 1, huffhides, and 200 No. 2 huffhides, but that defendants without cause refused to accept the same or any part thereof, to plaintiff's damage in the sum of $106.02, for which he asks judgment. Defendants demur. Treating the alleged contract as one, several in its nature, without passing upon the point, the stipulations as to calf skins and kips violate the rule of certainty as to subject matter which is applicable to all contracts. There must be certainty as to the subject matter of the contract; in other words, the subject matter of the agreement must be expressed by the parties in such terms that it can be ascertained to a reasonable degree of certainty,—and in sales, or contracts to sell, the thing sold or to be sold, is a part of the element of the subject matter. And in agreements of the character of the one at bar, the obligation must be certain, or capable of

being made certain, in regard to the quantity which the merchant agrees to sell, or the vendee agrees to buy.    Ashcroft v. Butterworth, 136 Mass., 511—at 514.    No quantity is stipulated here; hence the vendee has not bound himself to accept any specified, nor has the vendor bound himself to deliver any quantity.    As to the huffhides, passing the question as to how they should be distributed and tendered as to No. 1's, and No. 2's, the petition shows that altogether but 358 were offered. The contract calls for about 500.    Under the rules laid down in Brawley v. Wright, 115 U. S., 188, and followed in 89 Fed., 907, the plaintiff was bound to tender 500 hides, or what would be substantially 500.    The addition of the word "about" is only "for the purpose of providing against accidental variations, arising from slight and unimportant excesses or deficiencies in number, measure or weight." See, Benjamin on Sales (7th Ed.) 713.

The question as to "custom" made in plaintiff's brief is not raised by the record; customs must be pleaded in order to be brought to the attention of the court.

Demurrer sustained.

F. Seinsheimer, for plaintiff.

Edw. Barton, for defendants.