MURIEL E. READ *vs.* MAY R. McKEAGUE & others.

Suffolk.    March 4, 1925. — April 17, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* What constitutes, To make a will.  *Frauds, Statute of.*

A man about to be married wrote to his intended wife as follows: "I'd open an account at every shop advisable and every cent I have would be forever at your disposal and with the exception of a slice to the Church and to my sister, I'd 'will' you everything I possess — I swear all this here and now before God — in black and white." About seven months later they were married and fourteen months thereafter he died intestate. The widow was appointed administratrix and brought a petition under G. L. c. 197, § 6, to enforce her right under an agreement alleged to have been made by the letter. Without determining whether the letter itself, taken in conjunction with such additional facts as the petitioner did or could offer, constituted a contract to make a will, it was *held,* that

(1) The provisions of G. L. c. 259, § 5, require that all the material terms of an agreement to make a will must be in writing;

(2) It was impossible to determine from the letter itself what the intestate meant by the word "slice";

(3) A contention of the petitioner that the word "slice" may be given a definite meaning by evidence of what the writer did or said at some later time; or by his making a gift to his sister; or by his failure to make a provision for the church in his lifetime, could not be sustained.

(4) The terms of the alleged contract shown by the letter were too vague and indefinite to be enforced.

PETITION, filed in the Probate Court for the county of Suffolk on October 24, 1923, by the widow of Walter George Read, who also was administratrix of his estate, for a decree enforcing her rights under the alleged agreement to make a will described in the opinion.

In the Probate Court, the petition was heard by *Dolan,* J., on motions to dismiss it described in the opinion. A stenographer was appointed under G. L. c. 215, § 18. The respondents opposing the allowance of the petition were the next of kin of the intestate. Material evidence is described in the opinion. The judge allowed the motion to dismiss. The petitioner appealed.

*C. S. Tilden,* for the petitioner.

*G. W. Reed,* for the respondent Wardner.

*H. L. Boutwell, (F. A. Cross* with him,) for the respondents McKeague and others.

*I. J. Williams, Jr.,* for the respondents O'Drain and another.

SANDERSON, J.   The petitioner, who is administratrix of the estate of Walter George Read, brings this petition under G. L. c. 197, § 6, to establish a debt claimed as due to her from the deceased, based upon an alleged contract in writing to make a will in her favor.

Walter George Read married the petitioner July 6, 1921, and lived with her until September 7, 1922, when he died leaving no children.   The petitioner relies for proof of the alleged contract in writing upon a letter written to her December 22, 1920, by the decedent, the pertinent part of which is as follows: "I'd open an account at every shop advisable and every cent I have would be forever at your disposal and with the exception of a slice to the Church and to my sister, I'd 'will' you everything I possessed — I swear all this here and now before God — in black and white."

The case was heard upon motions to dismiss the petition upon the grounds that the writing was not sufficient to satisfy the statute of frauds; that it did not amount to a promise; and that the terms of the alleged agreement were too vague and ambiguous to. be enforceable.   At the hearing, counsel for the petitioner made an offer of proof which, he contends, would support the position that the intestate entered into an agreement with the petitioner to make a will in her favor, and would explain what he meant by the word "slice" in his letter.   He further contends that the offer was not intended by him to include all the testimony which he could produce at a hearing on the merits.

The judge of the Probate Court considered the petitioner's offer of proof and ruled that the letter was an expression of an intention to give property in the future and was not an agreement binding upon the writer; that the alleged contract was too vague and indefinite to be enforced; and also that there had been a material alteration in the letter, basing

the latter ruling upon a statement made at the hearing by counsel for the petitioner. The court entered a decree dismissing the petition, from which the petitioner, after claiming exceptions to the rulings, appealed.

If it be assumed that by the letter itself, taken in conjunction with such additional facts as the petitioner did or could offer, a contract to make a will could be proved — a question we do not decide — its terms are too vague and indefinite to be enforced. Under the provisions of G. L. c. 259, § 5, an agreement to make a will must be in writing. This means that all the material terms must be in writing; a mere memorandum is not enough. *Emery* v. *Burbank*, 163 Mass. 326. *Young* v. *Young*, 251 Mass. 218. It is impossible to determine from the letter itself what the intestate meant by the word "slice." In its ordinary use it signifies an indeterminate part or portion, with a variable significance meaning more or less. It is never used as an exact measure. The contention of the petitioner that the word "slice" may be given a definite meaning by evidence of what the writer did or said at some later time; or by his making a gift to his sister; or by his failure to make a provision for the church in his lifetime, cannot be sustained. Such testimony would nullify the provisions of the statute requiring the agreement to be in writing. The court cannot make for the parties a contract which they did not make for themselves. The indefinite meaning of the word "slice" creates an incurable uncertainty. *Cheney Bigelow Wire Works* v. *Sorrell*, 142 Mass. 442. *May* v. *Ward*, 134 Mass. 127. In *Freeland* v. *Ritz*, 154 Mass. 257, the indefinite words of an agreement within the statute of frauds were made definite by a writing executed before the action was begun. The decisions like *Keller* v. *Webb*, 125 Mass. 88, which hold that parol evidence may be introduced to apply the contract to the subject matter, or others which permit such testimony to explain a latent ambiguity in a written contract, do not apply to an agreement to make a will where the written terms are so vague and indefinite that, as matter of law, no enforceable contract has been made.

*Decree affirmed.*