Gadsby, J.
This is an action of . contract for breach of real estate agreement. The action was commenced by Writ dated July 11, 1945, and returnable July 28, 1945. The plaintiff’s declaration is in two counts. Count 1, is for recovery of three hundred ($300.) dollars, deposit paid by the plaintiff to the defendant. In Count 2, the plaintiff claims the defendant agreed to sell him the premises at 47-49 Warren Avenue, Waltham, Mass., on May 2, 1945, for the sum of $5,500.00 and the plaintiff paid a deposit of $300.00 and received a receipt signed by the defendant; that the defendant refused to sell or convey to the plaintiff and that the plaintiff was damaged.
The defendant’s answer is a general denial; also sets up that the defendant is willing to give a deed to the property, which deed the defendant’s wife has refused to join therein and. the defendant has made this known to the plaintiff and the plaintiff has refused to accept the deed. *60 The defendant’s answer was later amended by setting up the provisions of Gr. L. (Ter. Ed.) 'Chap. 259, sec. 1, the Statute of Frauds.
At the trial it was shown that the plaintiff was ready, able and willing to go through with the purchase and would accept a deed signed by the defendant and his wife, that he would not accept a deed signed by the defendant alone.
The plaintiff showed through a witness who was qualified as a real estate expert that the fair value of the property on January 3, 1946, the day of the trial, was $7,000.00.
The plaintiff offered in evidence, without objection, the receipt received by the plaintiff from the defendant at the time of the making of the contract, reading as follows:
“May 2, 1945 Received from Arthur J. Baker of Belmont, Massachusetts, Three Hundred ($300.) Dollars as part payment on the purchase price of Fifty-five Hundred ($5,500.00) Dollars cash for the estate of #47-49' Warren Avenue, Waltham, Massachusetts,— clear of any commission. Agreements to be drawn, /s/ Maryan Sozanski’’
The defendant showed that he was ready to give the plaintiff a deed to the property signed by him but that his wife refused to join in on the deed and that the plaintiff refused to accept such a deed. The title to the property was in the defendant’s name.
The defendant did not offer any evidence that there was anything left for future consideration to be agreed upon. The day after the defendant signed the agreement or receipt dated May 2nd, he told Mr. Coleman, who was the broker, not to do anything more about it because his wife wouldn’t sell. Thereafter the defendant agreed to meet the plaintiff in the early part of June at the Registry of Deeds to pass papers. The plaintiff was there with the money, ready, able and willing to purchase the property *61 agreed upon. The defendant did not put in any appearance. The next day, the defendant told the plaintiff that he was willing to sign but he didn’t go to the Registry of Deeds because his wife wouldn’t sign.
At the close of the trial, and before final arguments, the defendant filed the following requests for Rulings of Law:
1. G. L. (Ter. Ed.) Chap. 259 sec. 1, provides, “No action shall be brought upon a contract for the sale of lands, tenements, or hereditaments or of any interests in or concerning' them, unless the contract upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized. 2. Where the defense of Chap. 259, sec. 1, of Gr. L. (Ter. Ed.) is pleaded in the answer the burden of proving compliance with its terms rests upon the plaintiff. (Weiner v. Slovin, 270 Mass. 392, 1691 N. E. 64, 65). 3. No essential terms must be left for future determination in any writing relied on for the purchase of land and the words in the writing relied on by the plaintiff “agreements to be drawn’’ show that elements of the contract are to be agreed on in the future and the memorandum is therefore insufficient and falls within the provisions of G. L. (Ter. Ed.) Chap. 259, sec. 1. (May v. Ward, 134 Mass. 127, 128). 4. -So long as an essential element entering into a proposed obligation of either of the parties to a contract remains to be determined by an agreement which they are to try to make, the contract is incomplete and non-enforceable. (Spiers v. Union Drop Forge, 180 Mass. 94). (Sibley v. Felton, 156 Mass. 273). (Lyman v. Robinson, 14a/242, 252). (May v. Ward, 134 Mass. 127). 5. Under G. L. (Ter. Ed.) Chap. 189, sec. 1; No Conveyance by a married man of real property shall extinguish or impair the dower right of his wife unless she joins in the conveyance or otherwise releases her right, with certain exceptions not here material. 6. The general rule is, that when a person can only partially perform a contract into which he has entered, he must respond in damages *62 to the extent of the difference in value between that which the other party received and that to which the contract entitled him. And this is found by taking the market value of what is delivered, and deducting it from the market value of the whole subject of the contract. (Woodbury vs. Luddy, 14 Allen 1). 7. In the case of an incumbrance on an estate the more usual measure of damages for the breach has been the market value of the incumbrance, where this is capable of an exact estimate. 8. The general rule, in cases like the present case, is that the purchaser shall have what the vendor can give; with an abatement out of the purchase money for so much as the quantity falls short of the representation. The amount to be deducted is the value of the wife’s right at the time of the conveyance and not the difference between the market value of the whole with her release and the value without it. (Davis vs. Parker, 14 Allen 94). 9. The refusal by the plaintiff to accept a deed from the defendant to the premises at 47-49 Warren Avenue, Waltham, without the signature of the defendant’s wife, is a breach of the plaintiff’s agreement with the defendant and the plaintiff cannot recover. 10. The bringing of this action by writ dated July 11, 1945, anticipates a breach of contract on the part of the defendant, and there is no recovery under Mass, law for an anticipatory breach of contract.
The Court made a finding for the plaintiff and assessed damages in the sum of One Thousand and Fifty ($1050.) Dollars and on the defendant’s request for ruling see Memo and attached Memorandum.
The trial judge made the following findings of fact:
“On May 2, 1945, the defendant owned a piece of real estate at 47-49 Warren Avenue, Waltham. On that day he verbally agreed to sell same to plaintiff for the sum of $5500. accepted a deposit of $300. from the plaintiff’ on said *63 agreed sale, and signed a receipt for the said deposit setting forth the amount of the purchase price, the location of the property and reciting further the provision ‘agreement to he drawn’. Later the defendant refused to sell setting forth as the reason therefor that his wife did not want him to sell and would not sign any deed conveying her dower rights. The plaintiff was at all times ready, able and willing to go through with the deal but the defendant continued to refuse to sell up to and including the 11th day of July, 1945, the date of the writ in this action.
“The acceptance of the deposit and the signing of the receipt therefor by the defendant satisfied the statute of frauds. The receipts contained all the essential elements of the deal. There was a complete meeting of the minds of both parties, evidence by a payment in earnest and a memorandum in writing signed by the party to be charged. The statement ‘ agreements to be drawn’ imparted merely a more formal method of setting forth the deal. There was no essential element left open to be agreed upon.
“The $300. deposit has never been returned to the plaintiff. The said real estate, at the time the defendant should reasonably have completed the sale, has a fair market value of $6250.00.
“The agreement of the defendant imparted the conveyance of a title free and clear of all encumbrances. His inability to give such a title did not void his obligations under the agreement. He could have been forced in equity to convey as good a title as he could with compensation in money for the deficiency. On election the plaintiff is entitled to damage in money in total rather than to accept a title less than that agreed upon.
“The Court finds for the Plaintiff on both counts and assesses damages in the sum of $1050.00.
*64 “This report contains all the evidence material to the questions reported. The defendant claiming to be aggrieved by the finding, and by the refusal to rule as requested, I hereby report the same to the Appellate Division for determination.”
At the hearing before this Division, the defendant waived any request relative to damages. There remains therefore for consideration, the single issue as to whether the memorandum dated May 2, 1945 satisfies the Statute of Frauds so as to constitute an enforceable contract. The defendant contends that the memorandum is not complete and that what we had is not a memorandum of an unconditional contract. If so, then the Statute of F'rauds not being satisfied, the agreement would be unenforceable. G. L. (Ter. Ed.) Chap. 259, sec. 1. Spiers v. Union Drop Forge, 180 Mass. 94. May v. Ward, 134 Mass. 127.
In the case of May v. Ward, 134 Mass. 127, the memorandum stated, “same to be agreed upon”. In that case, the Court said that the memorandum was incomplete and uncertain and did not contain all the essential terms of the sale. The promise specified was to ship a balance. “To be agreed upon.” As the Court said at page 128, “Till such determination, there is no agreement. ’ ’
In Sibley v. Felton, (cited by the defendant) 156 Mass. 273 at 277, the Court said, “It is clear that on some things the minds of the parties have met and on others they had not”. Therefore the Court ruled there was no complete or final contract.
In the case at bar, the contract itself omitted no essential terms. The property was fully and accurately described and the price was stated. The words “Agreements to be drawn” simply meant that the memorandum was to be completed by a formal instrument. No essential terms were left for future determination.
*65 The Court has filed a memorandum and has found that the receipt contained all the essential elements of the deal and there was no essential element left open to be agreed upon. The denial of the defendant’s request pertaining to the Statute of Frauds therefore become immaterial in view of specific finding by the trial judge that the Statute of Frauds was satisfied.
Therefore there being no error committed by the trial judge, the report is dismissed.