WILLIAM G. ROWELL & another *vs.* PLYMOUTH-HOME NATIONAL BANK, executor, & others. April 22, 1982. 1. None of the writings relied upon by the plaintiffs as a contract to make a will meets the requirement of G. L. c. 259, § 5A (inserted by St. 1965, c. 560, § 2), that the agreement be "in writing and signed by the person whose executor . . . is sought to be charged . . . ." It is settled that the requirements of § 5A "are not satisfied by a written memorandum of the contract; the contract itself must be

made in writing." *Young* v. *Young*, 251 Mass. 218, 221 (1925), citing *Emery* v. *Burbank*, 163 Mass. 326, 328 (1895). "This means that all the material terms must be in writing . . . ." *Read* v. *McKeague*, 252 Mass. 162, 164 (1925). The documents which were admitted as exhibits 6, 7, 8, 9, 12 and 14 are promises or statements of intention by the testator to make provision for the plaintiffs in his will, and several (particularly exhibits 7 and 8, as well as 10, which does not expressly refer to testamentary gifts) indicate that the testator's motive was to repay the plaintiffs for the many services they had performed and were performing for him. But whether viewed alone or together, they cannot be said to show the material terms of a contract, because the documents fail to show that the plaintiffs had bound themselves to any performance of services or were promised a legacy or bequest in return for any particular service to be performed in the future. Compare *Hurl* v. *Merriam*, 252 Mass. 411, 414-415 (1925). See also *Mateza* v. *Walker*, 469 F. Supp. 1276, 1278 (D. Mass. 1979). "It is settled that past consideration will not support a contract." *Stroscio* v. *Jacobs*, 2 Mass. App. Ct. 827, 828 (1974). To supplement the documents by the use of parol to show material terms of the contract "would nullify the provisions of the statute . . . ." *Read* v. *McKeague, supra.*

2. In light of the oral statements said to have been made by the testator, the evidence warranted the finding made by the judge that the testator gave "specific and unambiguous promises to [the plaintiff William] in return for [the plaintiffs'] services which they performed." There was evidence to the effect that the testator had made it clear to William some time in 1974 that he wished to be able to call on the services of the plaintiffs, that he would repay them for their services by making provision for them in his will, and that the writings which mention amounts of money or gifts of real or personal property were meant to give specificity to the testator's promise at a time when services were still being rendered pursuant to the promise. The testator's promises as such are not enforceable because of the statute; but where, as here, the consideration for a contract within the statute has failed, the promisee is entitled to restitution of the value of the services that were rendered pursuant to the unenforceable contract. *Kelley* v. *Thompson*, 181 Mass. 122, 124 (1902). *Donovan* v. *Walsh*, 238 Mass. 356, 362 (1921). *Heil* v. *McCann*, 360 Mass. 507, 511 (1971). *Green* v. *Richmond*, 369 Mass. 47, 49-50 (1975).

3. We are of opinion that on modern notice pleading principles the third count and the corresponding prayer for relief are broadly enough worded to support a recovery in quantum meruit. It does not appear that the question of a quantum meruit recovery was not fully and fairly tried or that the defendants were disadvantaged in some manner by lack of adequate notice. See *deHaas* v. *Empire Petroleum Co.*, 435 F.2d 1223, 1229 (10th Cir. 1970).

4. The judge expressly found that the services rendered by the plaintiffs were worth exactly what the testator had promised to leave to them

in his will. The value promised was competent evidence of the value which the testator himself placed on those services. *Downey* v. *Union Trust Co.*, 312 Mass. 405, 413-414 (1942). *Green* v. *Richmond*, 369 Mass. at 55-58. *Hastoupis* v. *Gargas*, 9 Mass. App. Ct. 27, 34-38 (1980). In light of that finding it was proper to order recovery by the plaintiffs of an amount equal to the value of the several legacies promised by the testator. It was not proper to order the conveyance in specie of certain items of personal property and parcels of real estate. The case must be remanded and (assuming that the defendants will not waive their objection to conveyance in specie) findings made as to the dollar value of the items and parcels in question. In light of those findings the judge should reexamine his general finding that the services rendered by the plaintiffs were worth the aggregate value of the promised legacies.

5. Despite the fact that the testator's promises may have been given only to the plaintiff husband, the estate is obligated to pay the value of the services rendered to the testator not only by the husband but also by the wife. Compare *Draper* v. *Turner*, 339 Mass. 616, 618-619 (1959) (in which the husband, the sole plaintiff and sole promisee, recovered the value of services rendered by the wife). Compare also *Cummings* v. *Brenci*, 334 Mass. 144 (1956) (in which the plaintiff recovered the fair value of her services rendered pursuant to an oral contract by the testator to leave all his property to the plaintiff's daughter). While it may well be that in an action by the wife alone she might be able to recover as a third-party beneficiary under principles analogous to those discussed in *Downey* v. *Union Trust Co.*, 312 Mass. at 411-412 (see also 4 Corbin, Contracts § 785 [1951], relative to the effect of blood or marriage relationships between promisees and third-party beneficiaries, and the Massachusetts cases cited at n.37), the allocation of the total recovery between the husband and the wife is of no concern to the defendants so long as (1) the recovery is measured by, and does not exceed, the total value of the services rendered by both plaintiffs to the testator, and (2) both plaintiffs, being parties, will be bound by the allocation and do not themselves raise any question of proper allocation.

The judgment is reversed for the reason set forth in the fourth paragraph of this opinion and is remanded for further proceedings in accordance therewith. Such proceedings are to be had before the same judge who heard the evidence, who shall have discretion whether to receive additional evidence with respect to the value of any property as to which findings are required.

*So ordered.*

*Lawrence G. Green* for the defendants.
*George L. Gochros* for the plaintiffs.