LENA RESTAINO *vs.* JOANNE M. VANNAH, administratrix. May 7, 1985.
*Executor and Administrator*, Compensation.

The plaintiff, Lena Restaino, was the long time secretary of Joseph R. Mucci, an attorney, who died on November 21, 1980. On December 10, 1980, the plaintiff offered Mr. Mucci's will for probate, and on the same day a probate judge appointed her special administratrix of the estate to serve through March 9, 1981. The plaintiff served during that period. On October 1, 1981, she filed her first and final account, which was allowed. Thereafter, on June 15, 1982, she applied with supporting papers for allowance of her fee. After hearing, in which the defendant Joanne M. Vannah, then administratrix of the estate, appeared in opposition, the judge, upon findings of fact and conclusions of law, awarded the plaintiff a fee of $5,000. The order is the subject of Vannah's present appeal.

The appeal is without merit. The appellant administratrix expresses doubt about the source of the power of the probate judge to award the fee but the power is surely there, whether G. L. c. 215, § 39, or G. L. c. 193, § 11, be the more cogent source. Then the appellant asserts that the appellee should have filed her petition for allowance of the fee together with her

account; but while that may be the customary or convenient practice, we find no authority for the proposition that it must inevitably be followed. Further, the appellant argues that the claim for a fee, because lodged more than a year after the appellee's term as special administratrix expired, was barred by G. L. c. 260, § 11. It appears on the face of that statute, however, that it is a statute of limitations that applies to claims between outsiders and estates and has nothing to do with the fee claims of those who administer the estates in fiduciary capacities. There is no challenge to the finding of the judge that the award was deserved and reasonable in amount. The appellant has sought to inject, as somehow an objection to the award, that the appellee (who is not a member of the bar) offered for probate a will improperly executed or attested which was disallowed after contest. There is no suggestion of actual misconduct here to impeach the award, nor should the award be diminished because a will contest involves expense.

*Order affirmed.*

*John A. Brennan, Jr.*, for the defendant.
*Donald L. Conn., Jr.*, for the plaintiff.