LENA RESTAINO vs. JOANNE M. VANNAH, administratrix. October 9, 1985. *Contract,* Personal services, Implied. *Evidence,* Relevancy and materiality, Cross-examination. *Res Judicata.*

The plaintiff, Lena Restaino, was the long time secretary of Joseph R. Mucci, an attorney, who died intestate on November 21, 1980. Restaino

claims in this action against the estate of Mr. Mucci that between 1967, when his wife died, and his death in 1980, she performed both secretarial services above and beyond her normal duties and personal services for Mr. Mucci, and that she was not compensated for these services. Her assertion is that on many occasions during the period in question, Mr. Mucci promised her orally that he would compensate her by providing for her upon his death, and that she rendered the services in reliance on these promises. Seeking compensation for the fair value of the services, she relies on the numerous cases recognizing that one who has rendered valuable services pursuant to an oral promise to make a will, which cannot be enforced on account of the Statute of Frauds, may recover the fair value of the services performed. *Donovan* v. *Walsh*, 238 Mass. 356, 362 (1921). *Rizzo* v. *Cunningham*, 303 Mass. 16, 22-23 (1939). *Draper* v. *Turner*, 339 Mass. 616, 619 (1959). *Green* v. *Richmond*, 369 Mass. 47, 49-50 (1975). *Rowell* v. *Plymouth Home Natl. Bank*, 13 Mass. App. Ct. 1044, 1045 (1982).

After a jury-waived trial, the judge made the findings necessary to bring Restaino's claim within the well-established rule. He found that the alleged promises were made, that services were performed in reliance on the promises, and that the fair value of the services was $27,805.15. Judgment entered in Restaino's favor for that amount, plus interest.

Contrary to the assertions of the administratrix, we view the evidence as warranting all the essential findings made by the judge. True, Restaino testified that she could not recall any occasion on which Mr. Mucci specifically promised her that he would take care of her "in his will." She testified to numerous statements made to her over a period of many years, however, to the effect that Mr. Mucci would take care of her when he died, that he would leave her money, and other commitments of similar import. It was not improper for the judge to conclude that the words were intended by Mr. Mucci, and reasonably understood by Restaino, to communicate the notion that he would include her in his will. That is the usual manner in which one leaves money or property to another upon his death. The cases relied upon by the administratrix do not require explicit reference to a "will" as a condition of recovery. To the contrary, see *Rizzo* v. *Cunningham, supra* at 18-20 and 23. The evidence was susceptible of a finding of considerably more than a general statement of intent of appreciation. Compare *Hurl* v. *Merriam*, 252 Mass. 411, 414 (1925); *Cassell* v. *Traverso*, 340 Mass. 786 (1960). Evidence that Mr. Mucci was "grateful" to Restaino for her extra services was certainly not inconsistent with the understanding on the part of both that ultimately she would receive compensation. There was ample evidence that Restaino relied on the promises in performing the extra services and also of the fair value of those services. The judge was not required to adopt the suggestion that the salary and bonuses Restaino received for her work as a legal secretary fully compensated her for the extra hours spent working at the office and for the personal services she provided in her home and elsewhere. The amount of damages was computed on the

basis of the plaintiff's testimony that she worked approximately 220 hours yearly beyond the hours required by her job and her opinion that the services were worth one and a half times her regular salary.

The administratrix relies upon certain evidentiary rulings as alternative bases for reversal. She was prevented from asking Restaino questions on cross-examination concerning two of Mr. Mucci's wills, one from 1975 and one from 1979. The 1979 will included a bequest to Restaino, but the will was offered for probate and disallowed. Although evidence of the contents of the 1979 will would have tended to corroborate the existence of the alleged contract, Restaino did not offer it as part of her direct case. Restaino had referred in her direct testimony to Mr. Mucci's having dictated a will to her in 1975. If in 1975 Mr. Mucci had dictated a will omitting reference to Restaino, that fact would have had some relevance to Restaino's claim of reliance. It would not have been error for the judge to allow the witness on cross-examination to relate her knowledge of the contents of the 1975 will. See *Downey* v. *Union Trust Co.*, 312 Mass. 405, 414-415 (1942). We do not know from anything before us, however, whether she was mentioned in the 1975 will or whether it was ever executed, or even prepared. On balance, we do not think the judge abused the broad discretion he had in determining the scope of cross-examination. Exploration of the preparation of the wills had the potential for opening up a wide range of issues collateral to the existence of the alleged contract. The administratrix complains also of the failure of the judge to allow a question on cross-examination concerning what could be construed as a prior inconsistent statement by Restaino: namely, that Mr. Mucci had left her money in his will because he "liked her." We do not think this ruling, even if erroneous, could have had any material effect on the outcome of the trial.

We find no error in the dismissal of the administratrix's counterclaims. Restaino had included a request for dismissal in her answer to the counterclaims. When she rested her case upon the close of her evidence, before the defendant had had the opportunity to present any evidence, Restaino moved orally for dismissal of the counterclaims. The motion was allowed "as a matter of law." As to all but the first two counts of the first counterclaim,[1] the administratrix apparently concedes the absence of a basis to overturn the dismissal. The first count of the first counterclaim alleges that Restaino committed fraud by presenting a document to the Probate Court as Mr. Mucci's last will and testament, knowing that the document was not signed by him and that it was not properly witnessed. The second count is similar but adds that Restaino had a fiduciary duty to Mr. Mucci which she violated.

The judge may have erred in concluding that Restaino's employment relationship could not give rise to a fiduciary relationship. See *Chelsea Indus., Inc.* v. *Gaffney*, 389 Mass. 1, 10-11 (1983). Nevertheless, his view

---

[1] A second counterclaim, brought by the defendant in her individual capacity, sought damages for emotional and physical distress caused by the wrongful acts alleged in the first counterclaim.

that the issues raised in both counts were precluded by a judgment rendered in another case is correct. The instant action was consolidated for trial with a claim against the appellant administratrix for allowance of a fee for services Restaino had performed while she was serving as special administratrix of the estate. In the trial of that matter, the administratrix had raised the precise issue raised in the challenged counterclaims: fraud on the part of Restaino in knowingly presenting an invalid will to the Probate Court and the resulting financial detriment to the estate. Requests for findings of fact pertaining to that issue were presented to the judge at trial of the fee matter. The judge found that Restaino was entitled to $5,000 as fair and reasonable compensation for her services, but he made no specific findings on the issue of fraud. In seeking to have that finding set aside on appeal, the administratrix argued that at trial she had proved fraud and that the trial judge should, therefore, have found in her favor. This court affirmed the judgment for Restaino in *Restaino* v. *Vannah*, 20 Mass. App. Ct. 903 (1985).

Although res judicata is an affirmative defense ordinarily to be raised by answer, Mass.R.Civ.P. 8(c), 365 Mass. 750 (1974), and not generally an appropriate matter to be raised in a motion to dismiss under Mass.R.Civ.P. 12(b) (6), 365 Mass. 755 (1974), it was appropriate for the judge to consider this defense to the counterclaims in this case because he was the trial judge in both cases. *Boyd* v. *Jamaica Plain Co-op. Bank*, 7 Mass. App. Ct. 153, 157 n.7 (1979), and cases cited. In ruling on the motion to dismiss the counterclaims, the judge properly considered the material presented to him in the first case. We think, looking at the entire record, that the administratrix is precluded from relitigating the alleged fraud because the issue had been litigated and necessarily determined between the parties in the first action. *Boyd* v. *Jamaica Plain Co-op. Bank, supra* at 159-160. *Fluhr* v. *Allstate Ins. Co.*, 15 Mass. App. Ct. 983, 984 (1983). Restatement (Second) of Judgments §§ 17(3) and 27 (1982). As stated by the trial judge, the litigation of the fee matter was the appropriate forum for raising the issue of the alleged fraud. Restaino would not have been entitled to a fee for her services as special administratrix had the judge found that she committed fraud in offering the challenged will to the Probate Court.

*Judgments affirmed.*

*John A. Brennan, Jr. (Richard C. Howard* with him) for the defendant.
*Donald L. Conn, Jr.*, for the plaintiff.