NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-297

STANLEY DONALD

vs.

CAROL MICI[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff Stanley Donald appeals from a judgment that dismissed his civil rights complaint, and from a postjudgment order denying his reconsideration motion.  In essence, the plaintiff alleged that he was subjected to cruel and unusual punishment in violation of his Eighth Amendment rights while incarcerated during the COVID-19 pandemic.  A Superior Court judge, on the defendants' pleading motions, dismissed, ruling

---

[1] Individually and as Commissioner of the Massachusetts Department of Correction.

[2] Commonwealth of Massachusetts; Nelson Alves, individually and as superintendent of the Massachusetts Correctional Institution at Norfolk; Wellpath LLC, identified in the operative complaint as Wellpath Medical Services; "unknown correctional staff"; and "unknown medical staff."

that the plaintiff had failed to state a plausible claim for relief. The plaintiff now argues that his allegations adequately state a claim, and that his motion to amend the complaint improperly was denied.[3] We affirm.

1. _Dismissal for failure to state a claim upon which relief can be granted_. "We review the allowance of a motion to dismiss de novo." Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). A complaint may be dismissed for several reasons, including for failure to state an actionable claim. Mass. R. Civ. P. 12 (b) (6), (c), 365 Mass. 754 (1974). A claim is not actionable, and may be dismissed on a pleading motion, when barred by res judicata, that is, by a prior final judgment on the merits. See, e.g., Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 562 (2004). See also Restaino v. Vannah, 21 Mass. App. Ct. 907, 910 (1985) (res judicata affirmative defense ordinarily raised by answer but judge properly considered defense on motion to dismiss).

a. _Dismissal of claims against the Commonwealth defendants_. Res judicata refers generally to both issue and claim preclusion. Brownback v. King, 592 U.S. 209, 215 n.3

---

[3] The plaintiff raises nine issues in his brief. The nine issues reduce down to two that we address infra. Section 1 of this memorandum and order consolidates issues I-VIII, and section 2 addresses issue IX.

(2021).  Issue preclusion has four elements:  "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment."  Alicea v. Commonwealth, 466 Mass. 228, 236 (2013), quoting Latin Am. Music Co. v. Media Power Group, Inc., 705 F.3d 34, 42 (1st Cir. 2013).  Here, the plaintiff's complaint was properly dismissed for failure to state a claim against the Commonwealth defendants because, although the judge's order addresses the merits of the plaintiff's Eighth Amendment claims, the issues presented are precluded due to a class action in Superior Court, which was resolved in 2023.  See Foster vs. Mici, Mass. Super. Ct. No. 2084CV00855 (Suffolk County March 8, 2023) (docket entry 145) (Foster class action).  See also Gabbidon v. King, 414 Mass. 685, 686 (1993) ("It is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the lower court" [footnote omitted]).

In 2020, a class of inmates incarcerated at Massachusetts Department of Correction (DOC) facilities brought a class action against the Commissioner alleging several claims, including violations of the Eighth Amendment.  See Foster v. Commissioner of Correction (No. 1), 484 Mass. 698, 716, S.C. 484 Mass. 1059

3

(2020), S.C., 488 Mass. 643 (2021).  The plaintiff here was a member of that class.[4]  The class action concluded in 2023, and the claimed Eighth Amendment violations were resolved in favor of the defendants on summary judgment, see Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002), on the merits of the claims.  Foster class action, supra, docket entry 145, slip op. at 24.

Here, the first element of issue preclusion is met, as the issue addressed in the Foster class action litigation is identical to the Eighth Amendment claim the plaintiff makes here.  He lists four separate claims for relief in his complaint.  The claims amount to an allegation of a violation of the Eighth Amendment regarding the care of inmates during the COVID-19 outbreak, specifically noting the risk of contracting

---

[4] The plaintiff disputes that he was a member of the class certified in the Foster class action matter.  See Foster class action, supra, docket entry 74 (Nov. 12, 2020).  The plaintiff is incorrect.  The Foster class action class consisted of all Massachusetts prisoners confined at Department of Correction (DOC) facilities, excluding county jails.  Id., slip op at 2.  Furthermore, the subclass consisted of all those inmates who, according to the Centers for Disease Control and Prevention, are "at increased risk from COVID-19 due to their age (age 50 or older) and/or medical conditions that have been determined to increase risks from COVID-19."  Id.  Included amongst those conditions is type II diabetes mellitus.  Here, the plaintiff continues to be incarcerated at a DOC facility, is over the age of sixty, and suffers from diabetes.  Thus, the plaintiff was a member of the Foster class action class and, as such, was party to that litigation.

COVID-19, as well as mentioning several instances of alleged misconduct.[5]  In the Foster class action, one of the specific issues raised was whether "the increased risk of contracting COVID-19 while in prison and the restrictions on prison activities caused by DOC's response to COVID-19 constitute[d] cruel and unusual punishment," i.e., a violation of the Eighth Amendment.  Foster class action, supra, docket entry 74 (Nov. 12, 2020), slip op. at 3.  Thus, the issues in the Foster class action matter and in the instant case are identical.

The second element of issue preclusion, that the issue was actually litigated, is present as well.  In the Foster class action, there was extensive litigation regarding whether the Eighth Amendment was violated by the DOC and others during the COVID-19 outbreak.  See Foster, 484 Mass. at 715-734, 488 Mass. at 651-655.  The Supreme Judicial Court twice analyzed the likelihood of success of the Eighth Amendment claim, id., and the Superior Court eventually addressed the merits of the claim

---

[5] In their motions to dismiss, both the Commonwealth defendants and Wellpath addressed what they presumed to be the plaintiff's negligence claim.  However, the motion judge did not address any such claim.  In any event, the plaintiff does not raise any claim of error related to a negligence claim in his briefing, and, as such, we treat the issue as waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("The appellate court need not pass upon questions or issues not argued in the brief").

from the plaintiffs' class in a summary judgment decision. Foster class action, supra, docket entry 145, slip op. at 3, 24.

Furthermore, the third element of issue preclusion is met as well, as it is well settled that entry of a summary judgment, when on the merits, is final and has preclusive effect. See Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 693 (1974). In the Foster class action litigation, the Superior Court granted summary judgment for the Commissioner and others regarding the merits of the Eighth Amendment claims.[6] Foster class action, supra, docket entry 145, slip op. at 3, 24. Thus, the issues the plaintiff raised in the matter before us were adjudicated and a valid and binding final judgment had entered.

Lastly, the fourth element, that the determination of this issue was essential to the judgment, is clearly met because the granting of summary judgment in the Foster class action litigation regarding the Eighth Amendment claims entered specifically because the plaintiffs could not "meet their burden to show . . . deliberate indifference." Foster class action, supra, docket entry 145, slip op. at 23. Therefore, the issue the plaintiff raises here was already the basis for the granting of summary judgment in the Foster class action matter. Since the issues that the plaintiff raises are barred by issue

---

[6] The order granting summary judgment was never appealed.

preclusion, he fails to state an actionable claim in his complaint, and, as such, the judge did not err in granting the motion to dismiss against the Commonwealth defendants.

b. Dismissal of Eighth Amendment claims against Wellpath. We take judicial notice of the Federal Bankruptcy Court for the Southern District of Texas's order, dated May 1, 2025, confirming Wellpath Holdings, Inc.'s chapter 11 plan of reorganization. Accordingly, the plaintiff's claims against Wellpath have been discharged. In any event, and even if the claim were not discharged by the chapter 11 order, the claim against Wellpath is precluded as well.

"A nonparty may use collateral estoppel defensively against a party to the original action who had a full and fair opportunity to litigate the issues in question." Martin v. Ring, 401 Mass. 59, 61 (1987). See Home Owners Fed. Sav. & Loan Ass'n v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968).

While Wellpath and its staff were not party to the Foster class action litigation, the claim against it by the plaintiff is barred under issue preclusion because, as addressed previously, the plaintiff here was a party to the original

7

action, as a class member, and had a full and fair opportunity to litigate the issues in question.[7]

2. _Denial of motion to amend complaint_.  "We review the denial of a motion to amend the complaint for abuse of discretion."  Doull v. Foster, 487 Mass. 1, 22 (2021), quoting Dzung Duy Nguyen v. Massachusetts Inst. of Tech., 479 Mass. 436, 461 (2018).  Leave to amend should be granted "unless there are good reasons for denying the motion."  Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991).  "Good reasons" for denial of a motion to amend include, among other grounds, futility. Id.

Here, the judge's denial of the plaintiff's motion to amend the complaint was not an abuse of discretion because the proposed amendments were futile.  The plaintiff submits that his amended complaint would add a new defendant, Alexis Cushman, purportedly Wellpath's employee, to the litigation.  The proposed amended complaint does not allege any new issues but simply adds a new party to the litigation.  Therefore, the plaintiff's proposed amendment does not address or call into question our conclusion that the plaintiff's Eighth Amendment claims are infirm and properly were dismissed.  As such, the

---

[7] In light of our conclusion, we need not reach Wellpath's additional arguments.

plaintiff's motion for leave to file an amended complaint was properly denied for futility.[8]

Judgment affirmed.

Order entered January 16, 2024, denying motion for reconsideration affirmed.

By the Court (Meade, Walsh & Hodgens, JJ.[9]),

Clerk

Entered:   September 30, 2025.

---

[8] To the extent it does so, Wellpath's request for an award of its appellate attorney's fees is denied; costs shall be taxed pursuant to Mass. R. A. P. 26 (a), (b), as appearing in 481 Mass. 1655 (2019).

[9] The panelists are listed in order of seniority.