## EVANDER PRAY *vs.* CHARLES A. CLARK.

An agreement in a lease to renew it at its expiration, the "rent to be proportioned to the valuation of said premises at said time," but with no provision made for determining that valuation, is too vague to be enforced in equity.

BILL IN EQUITY, filed March 2, 1872, praying for the specific performance of, or other relief upon, a covenant for the renewal of a lease.

On March 8, 1867, the defendant leased a store and barn to the plaintiff, to hold for the term of five years from March 1,

1867, yielding and paying therefor the rent of $600 per year in quarterly payments of $150 at the end of every three months during said term. A covenant was inserted in the lease in these words: "And the said Clark agrees to renew the lease of the above premises upon the expiration of the above term; rent to be proportioned to the valuation of said premises at said time."

The defendant, by his answer, set up that between March 8, 1867, the date of the lease, and March 1, 1872, from which last date the plaintiff claimed a renewal of the lease for five years more, the market value of the premises had more than doubled, and that the plaintiff had made no arrangement to have the rent of the renewed lease proportioned to such increased value, but had attempted to evade the provision of the covenant in regard to proportioning the rent to the increased value; and alleged that the sum at which the premises were to be let, upon a renewal of the lease, were so vague and uncertain by the terms of the agreement that the court ought not to interfere to decree a specific performance.

The plaintiff wrote to the defendant the following letter: "Taunton, June 1st, 1872. C. A. Clark, Sir: Inclosed please find check for ($150) one hundred and fifty dollars, for rent of store and barn from March 1st, 1872, to June 1st, 1872, and as soon as the valuation is decided upon I am ready (if it be more) to settle the difference, and if less valuation is given I shall expect a return according to that valuation. E. Pray." The defendant collected the check of $150 which was inclosed in the letter.

The case was reserved by *Morton*, J., for the full court. If by reason of the uncertainty as to the amount of the rent upon a renewal of the lease, the plaintiff was not entitled to a decree for specific performance, then the bill was to be dismissed, but otherwise such order was to be made as, in the opinion of the court, might be conformable to equity.

*E. H. Bennett,* (*H. J. Fuller* with him,) for the plaintiff.

*E. Ames,* (*W. E. Fuller* with him,) for the defendant.

WELLS, J. The agreement sought to be enforced is not complete in all its terms. It is not simply for a renewal of the lease.

The agreement does not fix the rate of rent, and does not permit it to be fixed by the reservation in the original lease. The only means of determining what it shall be, are that it is to be " proportioned to the valuation of said premises at said time." But no valuation is provided for, and no mode indicated by which such valuation may be obtained. If it were obtainable, the proportion would still be inadequate for its own resolution; because the terms of the corresponding ratio are uncertain. If the rent of the original lease be taken as one of those terms, the other is wanting. It does not appear by what valuation that rent was fixed.

The agreement is too uncertain and vague in its essential terms to justify the court in undertaking to conjecture what may have been intended, for the purpose of enforcing upon the parties some contract of the kind to which their writing relates.

*Bill dismissed.*