EDWARD G. LYNES *vs.* FREDERICK A. HAYDEN, administrator

Middlesex.    January 20. — 21, 1876.    COLT & ENDICOTT, JJ., absent.

The jurisdiction of the Probate Court under the Gen. Sts. *c.* 117, § 5, to enforce the specific performance of a written agreement for the conveyance of real estate, is concurrent with that of this court under the Gen. Sts. *c.* 113, § 2, and is governed by the same rules.

A. by an instrument in writing agreed to convey to B., "from 26,000 to 28,000 feet of land, situated on Walden Street and Vassal Lane, in Cambridge, when the bounds are fixed and the street laid out." The street last referred to was not laid out or the bounds fixed during A.'s lifetime. *Held*, that the agreement was too indefinite to be enforced under the Gen. Sts. *c.* 117, § 5, after A.'s death.

APPEAL from a decree of the Probate Court, granting a petition under the Gen. Sts. *c.* 117, § 5, for the specific performance of the following agreement, signed by Washington F. Somerby, the defendant's intestate :

"Cambridge, July 20, 1871.    In consideration of ten dollars to me paid by E. G. Lynes, of Cambridge, and other valuable considerations, I herein agree to deed to said Lynes from twenty-six to twenty-eight thousand feet of land situate on Walden Street and Vassal Lane in said Cambridge, when the bounds are fixed and the street laid out, the street to be forty feet wide and two hundred feet long, said deed to be subject to the conditions of a mortgage running to Fordyce M. Stimpson, and recorded with Middlesex deeds."

The decree of the Probate Court ordered the conveyance of "a certain parcel of land situated on Walden Street and Vassal Lane in Cambridge, and bounded as follows : ' Beginning at a point on Walden Street, and at the easterly side of Vassal Lane, and thence running northeasterly on Walden Street one hundred and three and 60-100 feet; thence running southeasterly by land of the heirs of said Washington F. Somerby, one hundred and seventy-two and 20-100 feet; thence running southwesterly by land of said heirs of said Somerby one hundred and eighty-eight 53-100 feet, to Vassal Lane; thence northerly on said Vassal Lane fifty-seven 90-100 feet ; thence northwesterly on said Vassal Lane one hundred and forty-seven 60-100 feet to the point of beginning containing by actual survey twenty-six thousand square feet of land and no more.' "

Hearing before *Morton,* J., who reserved the case for the consideration of the full court upon the following facts : It appeared that Somerby in his lifetime signed the above agreement ; that there was an adequate consideration paid; and that the twenty-six thousand feet claimed by the petitioner was a fair and equitable portion of seventy-one thousand feet on the corner of Walden Street and Vassal Lane, owned by Somerby at the time of his death. It was admitted that Somerby died seised of the whole of the seventy-one thousand feet, and that the mortgage running to Stimpson has been removed, so that Somerby's title is free from incumbrances. There was some evidence tending to show that Somerby in his lifetime pointed out the proposed street as a proper place to locate the same, to open up the land for improvement, but no determination of the location of the proposed street was made during Somerby's life.

*A. R. Brown,* for the appellee.

*B. F. Jacobs,* for the appellant, was not called upon.

GRAY, C. J. The jurisdiction to enforce specific performance of written agreements of persons deceased, conferred upon the Probate Court by the Gen. Sts. *c.* 117, § 5, is concurrent with the jurisdiction of this court in equity under the Gen. Sts. *c.* 113, § 2, and must be governed by the same rules.

The agreement signed by the intestate describes the boundaries of the land by the adjoining streets on the northeast and northwest only, and looks to the fixing of the bounds, and the laying out of another street, before the conveyance. The report finds that the bounds were not fixed, nor the location of the proposed street determined, in his lifetime. The agreement is too indefinite to be specifically enforced. *Boston & Maine Railroad* v. *Babcock,* 3 Cush. 228. *Pray* v. *Clark,* 113 Mass. 283. *Grace* v. *Denison,* 114 Mass. 16. *Jordan* v. *Fay,* 40 Maine, 130.

*Petition dismissed.*