CHARLES E. GILES, JR. *vs.* FRED N. DUNBAR & another.

Suffolk. December 5, 1901. — March 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Equity Jurisdiction*, Injunction, Specific Performance.

A bill, to restrain the defendant from buying milk for use in his business from any person other than the plaintiff, alleged, that the plaintiff had an exclusive contract with the defendant to sell him the milk that he should require in his business and that the plaintiff paid $100 as a consideration for the contract. There was no allegation as to the length of time covered by the contract or as to the price or the amount of milk to be delivered or the time and place of delivery. On demurrer, *held*, that the contract as set forth was too vague and indefinite to enforce by injunction.

BILL IN EQUITY, filed February 19, 1901, to restrain the defendant Dunbar from buying milk for use in his business from any person other than the plaintiff.

The first paragraph of the bill was as follows: " 1. On or about the first day of January, A. D. 1901, the plaintiff was possessed of a certain valuable interest and right of property, viz.: the exclusive right, by virtue of a contract between himself and the defendant Dunbar, to sell the said Dunbar milk that the said Dunbar should use or require in his business."

The eleventh paragraph was as follows: " 11. The plaintiff, as consideration for the exclusive right to supply the defendant Dunbar with milk, as set out in paragraph one, paid said Dunbar the sum of one hundred dollars ($100)." There was no further statement of the contract.

The defendants demurred, and as causes of demurrer among others alleged: 1. While the plaintiff bases his right to equitable relief upon a contract referred to in paragraph one of the bill, there is no allegation therein of the duration of the contract or statement that the contract migh not be and was not properly and legally terminated by the defendants. 2. While the bill alleges in substance that the plaintiff was possessed of an exclusive right to supply the defendant Dunbar with milk that he should require in his business, there is no allegation that the defendant Dunbar requires any milk in his business in any way whatsoever, and therefore his neglect and refusal to receive any milk is not in contravention of the terms of any contract which is set forth.

The Superior Court sustained the demurrer and dismissed the bill; and the plaintiff appealed.

W. A. Buie, for the plaintiff.

H. W. Ogden, for the defendants.

LATHROP, J. We are of opinion that the decree of the court below sustaining the demurrer and dismissing the bill was right. The bill sets out that the plaintiff has an exclusive contract with the defendant Dunbar to sell to him the milk that he should use or require in his business, and that he paid $100 as a consideration for the contract; and this is all so far as the contract is concerned. The relief sought against Dunbar is that he be restrained from buying milk for use in his business

from any person other than the plaintiff during the existence of said contract. There is nothing stated as to the length of time that the contract is to continue, the price at which the milk is sold, the amount to be delivered or the time and place of delivery. While the relief sought is negative in its character, we do not think that it should be granted, where we would not enforce the contract specifically. And we are of opinion that enough does not appear in this case to show that the court ought to grant specific performance. *Boston & Maine Railroad* v. *Babcock*, 3 Cush. 228. *Pray* v. *Clark*, 113 Mass. 283. *Lynes* v. *Hayden*, 119 Mass. 482. See also *Ashcroft* v. *Butterworth*, 136 Mass. 511.

*Decree affirmed.*