JOHN CONOS *vs.* ALGERNON D. SULLIVAN & others.

Bristol.    October 27, 1924. — December 2, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Jurisdiction*, Specific performance of contract.  *Landlord and Tenant*, Covenant for renewal.  *Contract*, Construction, Performance and breach.

Specific performance of a contract in writing will not be decreed in a suit in equity unless the contract in itself is complete and no vital factor is left to future calculation.

A suit in equity cannot be maintained for specific performance of a covenant in a lease providing "that the lessee may renew this lease for a further term of five years at a rent proportional to the increased valuation of the property, if any, provided the lessee notifies the lessor in writing of his intention to renew at least two months before the expiration of

this lease," since the rights and obligations of the parties as to the amount of rent to be paid on renewal cannot be fully ascertained from the terms of the covenant.

BILL IN EQUITY, filed in the Superior Court on July 22, 1924, for specific performance of a covenant for renewal of a lease of real estate on the corner of Durfee Street and Central Street in Fall River, together with the buildings thereon numbered 3 and 7 on Durfee Street and 292 and 294 on Central Street, known as the Timothy O. Sullivan Estate.

The defendants demurred to the bill on the ground described in the opinion.  The demurrer was heard by *Dubuque,* J., who ordered it sustained and reported his ruling to this court for determination with the stipulation that, if his decision on the demurrer was sustained, the plaintiff was to have leave to amend into an action at law.

The case was submitted on briefs.

*T. F. Higgins, H. E. Shay, & E. T. Murphy,* for the plaintiff.

*J. H. Kenyon, Jr., & J. M. Graham,* for the defendants.

CROSBY, J.  This is a bill in equity to compel specific performance of a covenant for renewal in a lease of certain premises.  The lease, dated August 18, 1919, was for the term of five years from date; and was given by Daniel R. Sullivan, who was then the owner of the premises but died before the bill was brought.  The defendants are his sole heirs at law.  The covenant for renewal is as follows: " It is also agreed that the lessee may renew this lease for a further term of five years at a rent proportional to the increased valuation of the property, if any, provided the lessee notifies the lessor in writing of his intention to renew at least two months before the expiration of this lease."  A demurrer to the bill, alleging that the language of the covenant is too uncertain and vague to justify its enforcement, was sustained by a judge of the Superior Court and the case was reported to this court.

Although the covenant in question recites that the lease may be renewed by the lessee for a further term of five years " at a rent proportional to the increased valuation of the

property, if any," no provision is made respecting the method by which such valuation is to be determined. The renewal clause is not for a renewal of the lease in accordance with its original terms: it provides for the payment as rent for the additional term of a sum proportional to the increased valuation of the property, if it has increased in value; but no valuation is provided for and no method stated by which such valuation is to be fixed — whether it is to be determined by the assessors of the city where the premises are situated, by the market price, or by some other means, is left wholly to conjecture.

In the recent case of *Jamestown Portland Cement Corp.* v. *Bowles,* 228 Mass. 176, 180, 181, it was said that "There cannot be specific performance of anything short of a completed contract. The bargain must be determined by a meeting of minds as to the essential terms before there can be a contract. No vital factors of it can be left to future negotiation. It must be wholly settled as to obligation and duty imposed before it can be ordered to be executed by chancery"; and in *Pray* v. *Clark,* 113 Mass. 283, 285, it was said that "The agreement is too uncertain and vague in its essential terms to justify the court in undertaking to conjecture what may have been intended, for the purpose of enforcing upon the parties some contract of the kind to which their writing relates." The law as stated in the case last cited has been followed in numerous decisions of this court, and is decisive of the rights of the parties in the case at bar. *Grace* v. *Denison,* 114 Mass. 16. *Lynes* v. *Hayden,* 119 Mass. 482. *Fogg* v. *Price,* 145 Mass. 513. *Emerson* v. *Somerville,* 166 Mass. 115. *Leighton* v. *Ricker,* 173 Mass. 564. *Giles* v. *Dunbar,* 181 Mass. 22. *Wentworth* v. *Manhattan Market Co.* 216 Mass. 374. *C. A. Spencer & Son Co.* v. *Merrimac Valley Power & Buildings Co.* 242 Mass. 176, 181. The case of *Adams* v. *Messinger,* 147 Mass. 185, cited by the plaintiff, is distinguishable from the case at bar.

The rights and obligations of the parties under the covenant cannot be fully ascertained from its terms, and as specific performance can be decreed only under a completed contract, it is immaterial that the valuation for the additional

term may be determined by evidence. The case must be decided on the terms of the lease.

The demurrer to the bill was sustained rightly; and in accordance with the report the plaintiff is to have leave to amend into an action at law.

*Decree accordingly.*