CHARLES H. DREW *vs.* SOCONY-VACUUM OIL COMPANY, INC. *et al.*

FEBRUARY 20, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an appeal, by the complainant in a suit in equity, from a decree which was entered in the superior court, after a hearing on motions of all parties, and by which the complainant's motion for a preliminary injunction was denied and the restraining order, procured by him, was dissolved and the bill of complaint was dismissed. The reason of appeal stated by him was "That the decision of the trial justice upon which said decree was based was erroneous and contrary to the law."

The main ground upon which the bill of complaint was dismissed and the only one which we need to consider is that the alleged contract, as set forth in the bill and relied upon

therein as the sole basis for the relief sought, is not enforceable in a court of equity. It seems to us that the only proper way for the respondents to set up this alleged unenforceability as a ground for the dismissal of the bill was by filing a demurrer upon that ground. But since the superior court and the counsel for all the parties treated as proper the procedure that was followed, we shall treat the question of the validity of the bill of complaint as having been properly brought before us by this appeal.

The bill states that the complainant is engaged in the business of selling petroleum products as distributor of gasoline known as "Esso" and "Essolene"; that on February 16, 1939 he entered into a written contract with the respondent Edward J. Keenan, the entire body of which was as follows:

> "In consideration of the mutuality hereof, it is agreed as follows: Charles H. Drew agrees to sell and deliver to Service Station Located on Bald Hill Road at Natick, R. I. Owned and operated by Edward J. Keenan. All Esso products at prevailing prices at time of delivery less 1c per gallon rental on ESSO AND ESSOLENE. This rental will be payable to you the purchaser at the end of each month.
>
> "Under this agreement I Charles H. Drew agree to install and maintain at the said location Three Computing Pumps connected to the Purchasers underground storage tanks, during the year from February 16, 1939, to February 16, 1940 and each year thereafter until either the buyer or the seller shall have given thirty (30) days' prior to the expiration of any such year, written notice of intention to terminate this contract at the end of the then current year."

This document was signed by the parties thereto.

It is then alleged in the bill of complaint that the respondent Keenan "did not give notice to the complainant to terminate the yearly tenancy in accordance with the terms of the contract . . . but has received and accepted rent up to

and including the month of May, A. D. 1940"; that this contract is still in full force and effect in accordance with its terms; that the respondents are attempting to negotiate or have entered into a contract in violation of the rights of the complainant under his contract and have threatened to remove and interfere with the "computing pumps" placed by the complainant on the respondent Keenan's premises in accordance with the terms of the above contract.

The bill of complaint, read as a whole, does not set forth, expressly or by clear implication, that the respondent Keenan bound himself to buy any petroleum products from the complainant or, if he did not thus buy any such products, to permit the complainant to maintain his "computing pumps" for any definite period on that respondent's premises. Nor does it set forth any fact or facts which show that the maintenance of these pumps on such premises was or is of any substantial benefit to the complainant, or from which the conclusion would follow that he would suffer any substantial loss, if compelled to remove them from such premises.

In 4 Pomeroy, Eq. Jurisp., § 1341, the rule governing the issuance of injunctions against breaches of contracts is stated as follows: "An injunction restraining the breach of a contract is a negative specific enforcement of that contract. The jurisdiction of equity to grant such injunction is substantially coincident with its jurisdiction to compel a specific performance. Both are governed by the same doctrines and rules; and it may be stated as a general proposition that wherever the contract is one of a class which will be affirmatively specifically enforced, a court of equity will restrain its breach by injunction, if this is the only practical mode of enforcement which its terms permit."

In § 1692 of the same volume the following is approved: "Since restraining the breach of a contract by injunction is merely a mode of specifically enforcing the contract, it fol-

lows that the discretion of the court in awarding the injunction is guided by the same equitable principles and doctrines as those which regulate the remedy of specific performance. Thus, the breach of a contract will not be enjoined unless the terms of the contract are certain and definite . . . ."

In High, Injunctions (4th ed.), 1092, § 1106, the following rule is stated: "To warrant a court of equity in interfering the contract itself must be free from doubt, and the injury apprehended from its violation must be of such a nature as not to be susceptible of adequate compensation in damages at law. And a doubt as to the correctness of the construction of the contract on which the injunction is asked is sufficient ground for refusing to interfere." See also *Gas Light & Coke Co.* v. *New Albany*, 139 Ind. 660, 39 N. E. 462; *Giles* v. *Dunbar*, 181 Mass. 22, 62 N. E. 985.

We are of the opinion that the bill of complaint in the instant case does not contain allegations of fact which warrant the issuance of an injunction, which is the only relief specifically prayed for, or the granting to the complainant, under his prayer for general relief, of any other equitable relief against either of the respondents.

We do not decide whether the complainant would be entitled to some equitable relief against one or both of these respondents, if all the pertinent facts should be clearly set forth in a bill of complaint and established by proof.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Michael DeCiantis,* for plaintiff.

*Francis I. McCanna,* for Socony-Vacuum Oil Co.

*Mortimer W. Newton,* for Edward J. Keenan.