JOHN V. SHAYEB *vs.* MARY E. HOLLAND.

Suffolk. April 9, 1947. — June 6, 1947.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Contract,* Validity, Construction, For sale of real estate, Option. *Landlord and Tenant,* Option to purchase. *Frauds, Statute of. Notice.*

A provision, that "the lessee at his option shall be entitled to the privilege of purchasing the aforesaid land and buildings," contained in a lease for ten years of premises used for the purpose of furnishing amusement to the public, where the lessee also had a right under the lease to make improvements, meant that, upon notification to the lessor by the lessee that he desired to exercise the option, the lessor was under an obligation to convey the premises to him, free from encumbrances, within a reasonable time thereafter upon payment of a fair and reasonable price; and specific performance of such obligation might be enforced in equity.

The statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, was no bar to a suit for specific performance of an option "of purchasing" contained in a lease of real estate which the court construed as obligating the lessor, upon its being exercised, to convey the premises within a reasonable time upon payment of a fair and reasonable price, although the option did not state specifically either a time for performance or a price.

A notice requesting a conveyance in fourteen days was not an unreasonable or insufficient method of exercising an option to purchase real estate which did not specify the method of exercising it or a time for performance.

BILL IN EQUITY, filed in the Superior Court on November 13, 1946, seeking specific performance of an alleged

agreement to convey premises consisting of amusement property on Revere Beach Boulevard and Ocean Avenue in Revere, described in a lease wherein the term lessee included his assigns.

The defendant demurred to the bill on the following grounds: "(1) That the plaintiff has failed to state a cause for equitable relief; (2) that the alleged agreement is unenforceable as a matter of law and in violation of the statute of frauds, c. 259, § 1 (4)."

The demurrer was heard and sustained by *Donnelly,* J., and a final decree was entered dismissing the bill. The plaintiff appealed.

*J. C. Jones,* (*J. T. Bowes* with him,) for the plaintiff.

*S. H. Rudman,* (*J. Schneider* with him,) for the defendant.

RONAN, J. The plaintiff, the assignee of a lease given by the defendant of a parcel of land with the buildings thereon in Revere for the period of ten years ending December 31, 1946, brings this bill in equity for the specific performance of a paragraph in the lease which provides that "the lessee at his option shall be entitled to the privilege of purchasing the aforesaid land and buildings." The lease granted to the lessee the right to sublet and to make improvements upon the premises which were used for the purpose of furnishing amusement to the public, and the bill alleges that the lessee and the plaintiff have spent large sums in the development of the property. The plaintiff notified the defendant on October 17, 1946, that he desired to exercise the option to purchase the demised premises, but the defendant has refused to convey the property to him. The plaintiff appealed from an interlocutory decree sustaining a demurrer and from a final decree dismissing the bill.

The contract upon which the bill is based is alleged to have arisen out of the acceptance of the option by the plaintiff, and the question presented is whether the contract contains all the essential elements involved in a contract for the proposed conveyance of the demised premises. A contract must be complete and definite to support a decree for specific performance, *Boston & Maine Railroad* v.

*Babcock,* 3 Cush. 228, *Callanan* v. *Chapin,* 158 Mass. 113, *Giles* v. *Dunbar,* 181 Mass. 22, *Jamestown Portland Cement Corp.* v. *Bowles,* 228 Mass. 176; but a contract embodying all the material factors for the accomplishment of a transaction undertaken by the parties is not incomplete or indefinite because it fails to express in terms some matters concerning the performance of the contract and reasonably necessary for the attainment of its object. In the instant case, the offer of the defendant to sell the demised premises must be interpreted to mean that, if the offer is accepted by the plaintiff, she will within a reasonable time execute and deliver a deed of the premises, free from encumbrances, upon the payment of cash within a reasonable time after the acceptance of the offer by the plaintiff. *Smith* v. *Greene,* 197 Mass. 16. *Nickerson* v. *Bridges,* 216 Mass. 416. *Pearlstein* v. *Novitch,* 239 Mass. 228, 230–231. *Grant* v. *Pizzano,* 264 Mass. 475, 480. *Laidlaw* v. *Vose,* 265 Mass. 500, 504, 505. *Church* v. *Lawyers Mortgage Investment Corp. of Boston,* 315 Mass. 1, 6.

The offer of the defendant made no reference to the price of the land. The parties never agreed upon any definite price or made any attempt to do so, and never agreed upon any specific method for fixing the price. The plaintiff contends that the option should be interpreted to mean that the defendant offered to sell at a fair and reasonable price. The interpretation of this written option is a question of law for the court. *Atwood* v. *Boston,* 310 Mass. 70, 75. *Edmund Wright Ginsberg Corp.* v. *C. D. Kepner Leather Co.* 317 Mass. 581, 586.

The option was a material term of the lease and may well have been one of the factors that induced the execution of the lease by the lessee, especially where, as here, the lessee was permitted to make alterations, to erect a building and to improve the premises. The parties were dealing with each other not only as lessor and lessee but also as prospective vendor and vendee. The option was for the exclusive benefit of the lessee. It could not be continued as a binding obligation of the lessor except by the performance of the terms of the lease by the lessee. It was supported

by the underlying consideration of the lease. It ran with the land and enured to the benefit of the plaintiff as assignee of the lessee. *Leominster Gas Light ·Co.* v. *Hillery*, 197 Mass. 267. *Judkins* v. *Charette*, 255 Mass. 76.

· It is assumed that the parties were acting in good faith in executing the lease, and that they intended to proceed in a straightforward manner in carrying out, the terms of the lease, including the option to buy if the lessee should exercise it, *Clark* v. *State Street Trust Co.* 270 Mass. 140, *Kennedy Bros. Inc.* v. *Bird,* 287 Mass. 477, *Agricultural National Bank* v. *Brennan,* 295 Mass. 325; and it is for this reason that courts will, if reasonably possible, interpret a contract so as to make it a valid and enforceable undertaking rather than one of no force and effect. *Talbot* v. *Rednalloh Co.* 283 Mass. 225. *Mutual Paper Co.* v. *Hoague-Sprague Corp.* 297 Mass. 294. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123. This principle of interpretation has been frequently followed in this court. *Speirs* v. *Union Drop Forge Co.* 174 Mass. 175. *Niles* v. *Graham,* 181 Mass. 41. *Letts-Parker Grocer Co.* v. *W. R. Marshall & Co. Inc.* 232 Mass. 504. *Greene* v. *Boston Safe Deposit & Trust Co.* 255 Mass. 519. *Beacon Oil Co.* v. *Perelis,* 263 Mass. 288. *Palmer Electric & Manuf. Co.* v. *Underwriters' Laboratories, Inc.* 284 Mass. 550.

The price of a parcel of land is undoubtedly an essential element of a contract for its sale. *Ansorgl* v. *Kane,* 244 N. Y. 395. A contract leaving the price of the land to a future agreement between the parties would be indefinite and incomplete and could not be enforced. *Lyman* v. *Robinson,* 14 Allen, 242. *Sibley* v. *Felton,* 156 Mass. 273. *Woods* v. *Matthews,* 224 Mass. 577. *Hampden Railroad* v. *Boston & Maine Railroad,* 233 Mass. 411. It is true that the option in question does not in terms provide for the determination of the price by any subsequent agreement. We think that the offer to sell in the present case should be reasonably understood to be an offer to sell for a fair and reasonable price. Otherwise, the offer would have no practicable value but would be a mere illusion or perhaps a snare to the unwary. In somewhat similar situations, the pro-

visions in leases for a renewal of the term or for a sale of the demised premises have been held to imply a fair rental or price. *Hoadly* v. *M'Laine,* 10 Bing. 482. *Joy* v. *St. Louis,* 138 U. S. 1. *Hall* v. *Weatherford,* 32 Ariz. 370. *Wilson* v. *Brown,* 5 Cal. (2d) 425. *Slade* v. *Lexington,* 141 Ky. 214. *Bird* v. *Couchois,* 214 Mich. 607. *R. F. Robinson Co.* v. *Drew,* 83 N. H. 459. *Edwards* v. *Tobin,* 132 Ore. 38. *Cummings* v. *Nielson,* 42 Utah, 157. *Young* v. *Nelson,* 121 Wash. 285. *Diettrich* v. *J. J. Newberry Co.* 172 Wash. 18. There are decisions to the contrary where the price is not stated or the method for fixing it is not prescribed in the contract. *Sander* v. *Schwab,* 315 Ill. 623. *Wolf* v. *Lodge,* 159 Iowa, 162. *Andreula* v. *Slovak Gymnastic Union Sokol Assembly No. 223,* 138 N. J. Eq. 257. *Brandenburger & Marx, Inc.* v. *Heimberg,* 34 N. Y. Sup. (2d) 935. *Parker* v. *Murphy,* 152 Va. 173. *Machesky* v. *Milwaukee,* 214 Wis. 411.

The offer of the lessor to sell was absolute and unconditional. It was unlike the covenant in *Fogg* v. *Price,* 145 Mass. 513, 515, which provided that, "if the premises are for sale at any time, the lessee shall have the refusal of them," and which was simply an agreement giving the lessee the first chance to make a contract at a price to be agreed upon by the parties. Neither is the option here like the one in *Cloverdale Co.* v. *Littlefield,* 240 Mass. 129, giving the lessee "the first right to re-lease" for a further term, which was held to confer only a preferential right for a renewal if the owner desired to lease the property to anyone. See also *Chandler & Co. Inc.* v. *McDonald-Weber Co.* 215 Mass. 365, where the lessee was given an opportunity to buy upon terms to be fixed by the owner. The case is also distinguishable from *Pray* v. *Clark,* 113 Mass. 283, and *Conos* v. *Sullivan,* 250 Mass. 376, where the method adopted by the parties for fixing the renewal rental was too indefinite to be enforced. The selection of this particular method negatived the existence of an intention to employ any other standard for determining the rental. See, however, *Phippen* v. *Stickney,* 3 Met. 384, where it became impossible to ascertain the price by arbitration as provided in the agreement, and the plaintiff was permitted to recover because the contract

contemplated that under such conditions the land should be conveyed at a reasonable price.

The exercise of the written option by the assignee of the lessee during the term of the lease made it a mutual contract which he can enforce and, the contract being complete and definite, the statute of frauds would not bar specific performance merely because the parties had not agreed upon a specific and exact price but had agreed upon a sale at the fair and reasonable value of the demised premises. See *Hayes* v. *Jackson*, 159 Mass. 451; *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427; *Desmarais* v. *Taft*, 210 Mass. 560, 562; *Forman* v. *Gadouas*, 247 Mass. 207; *Hoadly* v. *M'Laine*, 10 Bing. 482.

The option did not prescribe the manner in which notice was to be given to the lessor of its exercise, and the notice alleged to have been given by the plaintiff, although requesting a conveyance in fourteen days, was not an unreasonable or insufficient method of exercising the option. *Lack* v. *Western Loan & Building Co.* 134 Fed. (2d) 1017. *Mauzy* v. *Elliott*, 146 Neb. 865. 35 C. J., Landlord & Tenant, § 184.

The decrees sustaining the demurrer and dismissing the bill are reversed with costs to the plaintiff.

*So ordered.*