## Campbell Inns, Inc. and Theodore L. Campbell
## v. Banholzer, Turnure & Co., Inc.

[527 A.2d 1142]

No. 84-230

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and
Barney, C.J. (Ret.), Specially Assigned***

Opinion Filed February 13, 1987

---

* Justice Peck sat for the argument but did not participate in this decision.

*John T. Sartore* and *William E. Roper* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiffs-Appellees.

*Leslie C. Pratt* and *C. Douglas McMahon* of *Paterson, Walke & Pratt, P.C.*, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals from an injunction decreeing specific performance of a subordination clause contained in a purchase and sale agreement entered into by the parties. We affirm.

Plaintiffs purchased an inn and surrounding property from the defendant in December, 1982. Defendant financed part of the purchase price by accepting two promissory notes from the plaintiffs, secured by a mortgage covering the real estate. The purchase and sale agreement for the inn provided that the defendant's mortgage interest in the real property would be subordinated to any future mortgages securing loans for capital improvements to the inn. The parties also executed a purchase and sale agreement for the personal property associated with the inn that provided a similar security and subordination arrangement.

In reliance on defendant's agreement to subordinate its secured interests, the plaintiffs obtained a short-term bank loan to finance capital improvements. The bank agreed to convert the short-term loan into long-term financing, subject to the execution of a subordination agreement in accordance with the clause con-

tained in the purchase and sale agreement, and receipt of a guarantee for the payment of the loan by the Small Business Administration (SBA). The SBA's guarantee was conditioned upon subordination. The court found that the plaintiffs would not be able to meet their financial obligations without such financing, and that the loan was not "bankable" without this guarantee. The plaintiffs' financing with the bank or any other source therefore depended on execution of the subordination agreement by the defendant.

The SBA's commitment to guarantee the loan terminated on April 12, 1984. It stated that it would not extend the deadline without a request by the bank, which was not made. The bank requested the defendant to execute a subordination agreement in November, 1983, and provided it with documentation of the capital construction financed by the loan. Defendant refused to execute the agreement. Numerous communications between representatives of the bank and the defendant, and between the bank's representatives and defendant's attorney, and between plaintiff Theodore Campbell and the defendant, did not lead to an agreement.

On March 23, 1984 defendant's attorney accepted service of a complaint seeking specific performance of the subordination provision of the purchase and sale agreement. A preliminary hearing was scheduled for March 30, 1984, but was continued until April 6 after defendant's attorney withdrew because of a conflict of interest. At the April 6 hearing, the court stated that the preliminary hearing would be merged into a hearing on the merits, pursuant to V.R.C.P. 65(b), to be held on April 10.

Defendant's motion for a continuance of the April 10 hearing was denied. Following hearing on the merits, the court issued an injunction decreeing specific performance of the subordination agreement. Defendant appeals from this decree, asserting both procedural and substantive claims of error by the trial court.

The essence of defendant's procedural claim is that defendant was not given sufficient time to prepare and present its defense. It first argues that an action for specific performance is "outside the bounds" of an action for an injunction brought under V.R.C.P. 65, and more properly subject to V.R.C.P. 12(a), which provides a defendant with at least twenty days to file an answer to a complaint.

4

■ In *Brower* v. *Hill*, 133 Vt. 599, 604, 349 A.2d 901, 905 (1975), this Court noted that an order for specific performance is "in effect" a mandatory injunction. Specific performance by injunction is appropriate " 'if this is the only practical mode of enforcement which its terms permit.' " *Drew* v. *Socony-Vacuum Oil Co.*, 66 R.I. 170, 173, 18 A.2d 340, 341 (1941) (quoting 4 Pomeroy's Equity Jurisprudence § 1341, at 3214 (2d ed. 1919)). Where the right to relief is clear and a remedy at law is inadequate, specific performance by injunction is appropriate. *Id.*; *Straup* v. *Times Herald*, 283 Pa. Super. 58, 68, 423 A.2d 713, 718 (1980). Plaintiffs properly proceeded under Rule 65.

■ Defendant further claims that the court improperly consolidated the hearing on the merits with the hearing on the application for a preliminary injunction. Consolidation is discretionary with the court and must stand on appeal unless it is shown that the court abused its discretion. *Drummond* v. *Fulton County Department of Family & Children's Services*, 563 F.2d 1200, 1204 (5th Cir. 1977). The court's discretion is tempered by the requirements that the parties be given "clear and unambiguous notice" of consolidation, and full opportunity to present their respective cases, and these requirements form the focus of our review. *Commodity Futures Trading Commission* v. *Board of Trade*, 657 F. 2d 124, 127 (7th Cir. 1981); *Abraham Zion Corp.* v. *Lebow*, 761 F.2d 93, 101 (2d Cir. 1985). When measured against this standard, consolidation in this case was not an abuse of discretion.

The purpose of the notice requirement is to inform the parties that the hearing will be on the merits and a final adjudication of the claim. The expressed concern is to ensure that a party has not withheld evidence based on the mistaken belief that the matter at issue was only a preliminary injunction. *Dillon* v. *Bay City Construction Co.*, 512 F.2d 801, 804 (5th Cir. 1975). Formal notice of advancement to hearing on the merits is not required, as long as the parties are made aware that the scheduled hearing is to be on the merits. *Nationwide Amusements, Inc.* v. *Nattin*, 452 F.2d 651, 652 (4th Cir. 1971). The defendant had actual notice that the April 10 hearing would be on the merits, and its claim that it lacked notice is without merit.[1]

---

[1] Parties must be given an opportunity to object to consolidation in order for the notice of consolidation to be valid. *Paris* v. *United States Department of Housing & Urban Development*, 713 F.2d 1341, 1346 (7th Cir. 1983). Defendant contends it was denied this opportunity because the court ordered consolidation at

■ Defendant's further claim, that the order denied defendant sufficient time to prepare and present its defense, goes to the heart of its claim of procedural error by the court. Defendant focuses on the fact that the order provided only two days' notice between the preliminary and final hearings, because the time between April 6 and 10 included a weekend. This allotment of time was not prejudicial as a matter of law, for the defendant was well aware of the matters at issue long before the injunction proceedings began. Our inquiry into whether defendant was given sufficient time to prepare for the expedited hearing must therefore consider the events leading up to the preliminary hearing which resulted in consolidation.

Defendant had been asked to execute the subordination agreement in accordance with the purchase and sale agreement more than four months before the preliminary hearing took place. During this time, it was given a copy of the subordination agreement, and provided information about the capital improvements loan that created the need for its execution. From the original negotiations, and from those which led up to the litigation, the defendant, through counsel, was well aware of plaintiffs' need for the subordination agreement, and could reasonably have anticipated that any legal action would seek a mandatory injunction.

Moreover, defendant has not demonstrated that it was prejudiced by the order of consolidation. *Abraham Zion Corp.*, 761 F. 2d at 101; *Atlantic Richfield Co.* v. *FTC*, 546 F.2d 646, 651 (5th Cir. 1977). While it contends that new counsel lacked pertinent documents at the consolidated hearing, and could not conduct discovery, defendant has not identified in its brief to this Court those defenses it was unable to present because of the lack of documents or discovery. Compare *Eli Lilly & Co.* v. *Generix*

---

the informal chambers conference on April 6. The defendant asserts that it objected to the order at the first opportunity such an objection could be made when it filed its motion for a continuance at the opening of the hearing on the merits. By its own characterization, the motion for a continuance was defendant's objection to consolidation. The court questioned counsel and heard argument before ruling on the motion, and thereby gave defendant an adequate opportunity to object to consolidation as required by *Paris*.

It should be noted that the court found the parties agreed to consolidation at the informal chambers conference on April 6 and defendant does not challenge this finding. Because of our determination that defendant's motion for a continuance provided an adequate opportunity to object, we need not pass on the effect of this finding.

*Drug Sales, Inc.*, 460 F.2d 1096, 1106 (5th Cir. 1972) (appellant briefed issues it claimed it was precluded from presenting). Defendant also asserts that the expedited scheduling deprived it of the opportunity to present key testimony from the officers of the corporation. Again, however, defendant has not set forth the harm to its case that was caused by the absence of such testimony. The trial court carefully questioned defendant's counsel on this point when hearing argument addressing the defendant's motion for a continuance, and there is no indication of prejudice in counsel's responses. The order of consolidation, therefore, was not an abuse of discretion.[2]

Defendant also asserts that its constitutional due process rights of notice and opportunity to be heard were denied. Defendant, however, has not identified any basis for conducting a due process review distinct from the review of the propriety of the order of consolidation, which itself focuses on the due process requirements of notice and opportunity to be heard. See *DeLeon* v. *Susquehanna Community School District*, 747 F.2d 149, 155 (3d Cir. 1984) (Sarokin, J., concurring) (consolidation "procedure takes on a constitutional dimension.").

Beyond its procedural claims, defendant also contends that the court erred in granting specific performance because the plaintiffs had no substantive right to relief. It first asserts that the plaintiffs made a defective demand for execution of the subordination agreement. According to defendant, the demand was defective because in addition to a request for execution of the subordination agreement, plaintiffs requested execution of a stand-by agreement which would have prevented defendant from demanding payment on its notes until plaintiffs' obligation for the bank loan had been fulfilled. Defendant does not assert, however, that the plaintiffs made execution of the subordination agreement contingent on execution of the stand-by agreement, or explain why the defendant could not have signed the subordination agreement while refusing to sign the stand-by agreement. The mere fact that plaintiffs made a dual demand does not demonstrate that the demand was

---

[2] Defendant's claim that the court abused its discretion in denying the motion for a continuance is similarly defeated by the failure to demonstrate prejudice. While its motion identified the absent witnesses, it did not set forth the substance of their proposed testimony. This omission is fatal under V.R.C.P. 40(d)(1).

defective. See *Schwartz* v. *NMS Industries, Inc.*, 517 F.2d 925, 930 (5th Cir. 1975).

Defendant next asserts that the contractual provision requiring subordination was too ambiguous, and did not adequately protect its security interests. Plaintiffs respond by claiming that the defendant is equitably estopped from presenting these challenges to the subordination clause.

■■ The purpose of the doctrine of equitable estoppel " 'is to forbid one to speak against his own act, representations or commitments to the injury of one to whom they were directed and who reasonably relied thereon.' " *My Sister's Place* v. *City of Burlington*, 139 Vt. 602, 609, 433 A.2d 275, 279 (1981) (quoting *Dutch Hill Inn, Inc.* v. *Patten*, 131 Vt. 187, 193, 303 A.2d 811, 815 (1973)). Defendant was aware of the need for renovation of the inn, and clearly intended the plaintiffs to rely on its willingness to subordinate in order to promote the transaction for the inn. The court found that the plaintiffs relied on defendant's agreement to subordinate its security interest in purchasing the inn, because the agreement would enable plaintiffs to make the capital improvements necessary to enhance the inn's financial viability. These facts satisfy the elements of equitable estoppel set forth in *Town of Bennington* v. *Hanson-Walbridge Funeral Home, Inc.*, 139 Vt. 288, 293-94, 427 A.2d 365, 369 (1981), and preclude this challenge to plaintiffs' right to relief.

■ Defendant also contests the substantive validity of the injunction by contending that plaintiffs did not demonstrate the necessary substantial likelihood of irreparable injury, or that they lacked an adequate remedy at law. These assertions controvert the court's findings that the plaintiffs' financial arrangements depended on execution of the subordination agreement and that plaintiffs would not be able to meet their financial obligations without defendant's agreement to subordinate, as well as its conclusion that plaintiffs lacked an adequate remedy at law. The potential loss of a business satisfies the irreparable harm requirement for the issuance of an injunction, and demonstrates the inadequacy of a remedy at law. *Roso-Lino Beverage Distributors, Inc.* v. *Coca-Cola Bottling Co.*, 749 F.2d 124, 125-26 (2d Cir. 1984); see also *Cochrane* v. *Szpakowski*, 355 Pa. 357, 361, 49 A.2d 692, 694 (1946) (loss of a restaurant is not compensable by damages because an identical restaurant and facilities at its particular location cannot be purchased). The court's finding that the plain-

tiffs would lose the inn without execution of the subordination agreement is adequately supported by the record, and the court did not abuse its discretion in granting specific performance of the agreement by injunction.

Defendant further claims that the court's order improperly subordinates the mortgage covering personal property, because that mortgage was not specifically mentioned in the subordination clause of the purchase and sale agreement for the real estate. The defendant agreed to subordinate this mortgage in the purchase and sale agreement for the sale of the personal property, and in the real estate mortgage that also secured the note for the personal property.

Defendant claims finally that it was improperly denied its right to a jury trial. "Injunction is distinctly an equitable remedy." *In re Crescent Beach Association*, 126 Vt. 448, 451, 236 A.2d 497, 499 (1967). At the time of the court's ruling in this case, there was no right to a jury trial where equitable relief was requested. *Merchants Bank* v. *Thibodeau*, 143 Vt. 132, 134, 465 A.2d 258, 260 (1983).[3]

*Affirmed.*

---

[3] Under V.R.C.P. 39, which became effective after the trial court's order in this case, a party is entitled to a jury trial of legal issues, even though equitable claims are presented in the same lawsuit, through the use of separate proceedings.