520 So.2d 692 (1988)
Lester KAUFMAN, Irene Kaufman, and Blanche Fink, Appellants,
v.
W.G. LASSITER, Jr., Appellee.
No. 87-1365.
District Court of Appeal of Florida, Fourth District.
March 2, 1988.
*693 C. Lavon Ward, Fort Lauderdale, for appellants.
James E. Weber, of James E. Weber, P.A., West Palm Beach, for appellee.
SHARP, W., Associate Judge.
Lester and Irene Kaufman and Blanche Fink (Lessors) appeal from a final summary judgment which granted Lassiter (Lessee) specific performance of an option to purchase real estate subject to the lease. The option, which was set forth in Article 25 of the lease, states that after the 10th annual rental payment is made, the lessee has an option to purchase the fee for "a minimum sum of $200,000.00 payable in cash... ." Based solely on the complaint filed by Lassiter and the language of the lease, the trial court granted Lassiter specific performance at the $200,000.00 price. We affirm in part.
The lease in this case involves some 18.93 acres of land, originally vacant, located in Broward County, Florida. The lease has a term of 50 years, and is 67 pages long. It covers a plethora of contingencies. The minimum net annual rent is $20,000.00 and the Lessee is responsible for all expenses pertaining to the property, including taxes, liens, insurance, and repairs. Lessee agreed to construct a commercial building of not less than 30,000 square feet on the property no later than eight months from the date of entering into the lease. Lassiter obviously complied with this provision, since when he filed his suit for specific performance, he was not in default. The Lessee also has the right to make changes and alterations in any building Lessee built upon the property, and Lessor agreed to subordinate to construction lenders.
The option to purchase contained in Paragraph Article 25 is extremely detailed as to notice, timing for paying the purchase price, date and place of closing, and form of abstract of title and deed.[1] Only the *694 price is not clearly set forth. Regarding price, the option paragraph states:
Section 25.01. Provided Lessee is not then in default of any of the terms, provisions, covenants and conditions in this lease contained, the Lessee shall have and is hereby given the privilege and option of purchasing the fee title to the above described premises at any time subsequent to the tenth, annual, rental payment. The purchase price shall be a minimum sum of $200,000.00 payable in cash in the manner hereinafter set forth, to wit:
The trial judge ruled, and we agree, that the option contained in this lease should be interpreted to mean that the Lessee has a meaningful, enforceable right. In view of the Lessee's considerable obligations under the lease, the option should not be interpreted in such a way as to make it illusory or meaningless. We, therefore, reject the Lessor's argument that the option merely means the parties must now negotiate a price mutually acceptable. But we also reject Lassiter's argument that this is an option to buy at the fixed price of $200,000.00.
We think this option should be interpreted to mean that the parties agree to sell/buy at a fair or reasonable price  the market value at the time the option was exercised  which can not be less than $200,000.00. In a similar case the Massachusetts court reached a similar result. In Shayeb v. Holland, 321 Mass. 429, 73 N.E.2d 731 (1947), the court read into a lease purchase option which contained no set amount an obligation to buy/sell at a "fair and reasonable price." It stated:
"A contract leaving the price of the land to a future agreement between the parties would be indefinite and incomplete and could not be enforced... .

*695 We think that the offer to sell in the present case should be reasonably understood to be an offer to sell for a fair and reasonable price. Otherwise the offer would have no practicable value but would be a mere illusion or perhaps a sham to the unwary."
The Massachusetts court analogized its case to cases involving provisions in leases for renewal terms which fail to set definite rent amounts.
Accordingly, we affirm the trial court's granting Lassiter's suit for specific performance. However, we remand this cause to the trial court to determine what the market value of the leased property was at the time the lessee sought to exercise his remedies under the lease, and to grant the specific performance remedy on that basis.
AFFIRMED IN PART; REMANDED.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] ARTICLE 25. OPTION TO PURCHASE.

Section 25.01. Provided Lessee is not then in default of any of the terms, provisions, covenants and conditions in this lease contained, the Lessee shall have and is hereby given the privilege and option of purchasing the fee title to the above described premises at any time subsequent to the tenth, annual, rental payment. The purchase price shall be a minimum sum of $200,000.00 payable in cash in the manner hereinafter set forth, to wit:
(a) The sum equal to twenty-nine (29) percent of the selling price to be paid at closing, together with the accrued rental due under the lease to date of closing. The Lessee shall receive, at closing a credit for any and all advanced rents or securities.
(b) The remaining balance of the selling price shall be paid in three (3) equal, successive, annual payments together with interest of eight and one-half (8-1/2%) percent on the unpaid balance, from time to time remaining. This principal balance remaining at closing shall be secured by a Mortgage, subject and inferior only to the then existing institutional mortgages encumbering the premises. The mortgage shall be in form, similar to those of the institutional mortgages of record. The mortgage shall contain a prepayment privilege.
Section 25.03. The exercise of said option shall be effective only if Lessee has complied with each of the following conditions:
(a) Lessee shall notify Lessor in writing by notice served as provided in Article 21 hereof, of its election to exercise said option.
(b) Lessor shall deliver to Lessor, together with its said written notice, its check in an amount equal to ten percent (10%) of the purchase price fixed pursuant to the terms hereof as a deposit for said purchase.
(c) The said notice shall provide for the time and place of closing, which time shall be between the hours of 9:00 A.M. and 4:00 P.M. on any business day not sooner than ninety (90) days or later than one hundred fifty (150) days from the effective date of the notice exercising the aforesaid option, and the place shall be at the office of the attorney in Broward County, Florida, representing the Seller.
Section 25.04. At least five (5) days prior to the date scheduled for the closing of title Lessor will furnish at Lessee's expense, an abstract of title brought to a day which is not later than ten (10) days prior to the date of closing of title, indicating the title of Lessor to be subject only to those things set forth in Article 1 of this lease and subject further to all unpaid taxes and assessments and to any liens, encumbrances, easements, and any and all other matters created by or against the Lessee or by acts done or suffered by the Lessee and subject further to all of the terms, conditions, covenants and provisions in this Lease contained.
The Lessee has caused the existing abstract of title as of this day to be examined and is satisfied with the condition of title or title policy provided by the Lessor and shall be barred from raising any question of title from facts arising prior to the date of this lease, except through the covenants of the title policy. Lessee has made an investigation of the applicable ordinances and set-back requirements and will accept the property subject to same. Lessor will, at its own expense, procure a survey of the leased premises. Lessee, at its expense, shall furnish such documentary stamps as may be required to be affixed to this Lease by the laws of the State of Florida for recording in the public records of the State of Florida.
Section 25.05. The deed to be delivered by Lessor to Lessee pursuant to the provisions of this Article 25 shall reserve unto Lessor, as grantor, such easements, covenants running with the land, restrictive covenants, permits, franchises, consents and any and all other necessary grants and privileges which in the opinion of the attorney for Lessor may be necessary to assure Lessor that it shall have adequate and sufficient rights and privileges of ingress and egress from then existing publicly dedicated and open roads, streets or thoroughfares to any and all remaining property owned by Lessor or in which Lessor of any of its affiliated companies, may have an interest.
Section 25.06. This option is not separable from the lease agreement.
Section 25.07. Regardless of the day of closing of title, there shall be no proration of rents, additional rents, taxes, insurance or other charges affecting the premises to be conveyed by Lessor to Lessee, theretofore paid by Lessee.
Section 25.08. If after the option is exercised pursuant to the provisions of this Article 25, and thereafter Lessee fails or refuses to close the transaction pursuant to the notice which exercises the option, then the full down payment held by Lessor shall be retained by Lessor free and clear of any claims of Lessee, and thereafter all of the parties to the transaction shall be relieved of all liability thereunder with respect to the aforesaid exercised option.