Filed 03/17/26

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-01634

| Keren Sita v. State of Vermont , et al |
|---|

## ENTRY REGARDING MOTION

**Title:** Motion Emergency Motion for Preliminary Injunction (Motion: 2)
**Filer:** Keren T Sita
**Filed Date:** March 16, 2026

The motion is DENIED.

Plaintiff Keren Sita has filed a complaint against the State of Vermont, the Budget Inn of Barre, and Marissa Betancourt alleging that the State's January revocation of her housing voucher was done for discriminatory reasons in violation of (1) the Vermont Fair Housing Act (9 V.S.A. § 4503); and (2) the Common Benefits Clause (Article 7 of the Vermont Constitution). She also claims (3) retaliation for her prior, protected reporting activity (9 V.S.A. § 4506); and (4) breach of the covenant of good faith and fair dealing. Ms. Sita has also filed a claim of intentional infliction of emotional distress.

Ms. Sita has filed a motion that the Court understands to be a motion for ex parte emergency relief, known as a Temporary Restraining Order, seeking (1) an apology and acknowledgment by the State and Budget Inn of its alleged racism; (2) a damages award of $75,000; (3) a punitive judgment award of $25,000; (4) enjoinment of the State from taking certain actions against non-parties; and (5) restoration of her housing voucher.

The Vermont Supreme Court has noted that injunctive relief is an extraordinary remedy not routinely granted unless the right to relief is clear. *Committee to Save the Bishop's House v. Medical Hospital of Vermont*, 136 Vt. 213, 218 (1978). A temporary restraining order will only be granted "if it clearly appears from specific facts shown by affidavit ... that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party ... can be heard in opposition." V.R.C.P. 65. The essential elements for a preliminary injunction require Plaintiffs to address four factors. *Taylor v. Town of Cabot*, 2017 VT 92, ¶ 19. The moving party must demonstrate: "(1) the threat of irreparable harm to the movant; (2) the potential harm to the other parties; (3) the likelihood of success on the merits; and (4) the public interest." These

factors also apply to a Temporary Restraining Order with an additional requirement that the harm sought to be avoided must be "immediate and irreparable . . . [which] will result to the applicant before the adverse party or that party's attorney can be heard in opposition." V.R.C.P. 65(a).

As a initial matter, injunctive relief is only appropriate where the moving party can show irreparable harm, which means that there is no adequate remedy at law. *Campbell Inn v. Banholzer, Turnure & Co., Inc.*, 148 Vt. 1, 7 (1987). This includes "money damages and other relief" as permitted by law. *Taylor*, 207 VT 92, ¶ 40. To the extent that Ms. Sita is seeking monetary damages as part of her preliminary emergency motion, this request falls outside the scope of injunctive relief and cannot be granted at this time. For this reason, Plaintiff's requests for a preliminary order seeking monetary and punitive damages (requests 2 and 3) are **Denied.**

Similarly, this Court does not have the authority to order Defendants to act in any particular way toward other non-parties. *Baird v. City of Burlington*, 2016 VT 6, ¶ 15 (noting that courts do not generally allow third-party standing). Thus, Ms. Sita lack the standing to bring a claim on behalf of other tenants or to seek relief on their behalf. Even if Ms. Sita establishes a claim of discrimination against herself she is entitled to relief arising from this proof, she cannot seek it on behalf of others—no matter the nature of the claim or the similarities that she may see between their situation and hers. For this reason, Ms. Sita's request for a preliminary order enjoining the State and Budget Inn from behaving in a particularly way toward other tenants (request 4) is **Denied.**

This leaves Ms. Sita's request for an apology and for restoration of her housing voucher. In support of these requests, Ms. Sita levels a number of allegations against the State and the Budget Inn, but her motion and complaint lack specific facts or details for the Court to assess the merits of her claim under either the Vermont Fair Housing Act, the Common Benefits Clause, or any of Plaintiff's claims.

A good example of this problem can be found on page 2 of Ms. Sita's motion. She states:

> Plaintiff asserts that the "clear racial hatred" experienced at the hands of the Defendants—manifested as a transition from "administrative grace" for white residents to "punitive exclusion" for the Plaintiff—is a stain on the Vermont judiciary.

Pltf. Mot. at 2. It is unclear from this sentence what happened to Plaintiff. The sentence expresses how Plaintiff feels about what happened, but there are no facts for the Court to assess

or make the necessary determination of likelihood of success on the merits. *Taylor*, 2017 VT 91, at ¶ 19 (holding that the moving party bears the burden of demonstrating a likelihood of success on the merits of their claim as an element of preliminary injunctive relief).

In scrutinizing Plaintiff's motion, the Court cannot discern a coherent timeline, list of actions, or the necessary analysis showing how these facts demonstrate a likelihood of success. As the moving party, Ms. Sita may not rest on conclusory assertions or speculation, she must demonstrate more rigorous proof of her claims. Id.; see also *Fuller v. City of Rutland*, 122 Vt. 284, 289 (1961) ("Evidence which merely makes it possible for the fact in issue to be as alleged, or which raises a mere conjecture, surmise or suspicion is an insufficient foundation [for a party with a burden to show proof].").  For this reason, Plaintiff's request for a preliminary order requiring the Defendants to apologize and restore her housing voucher is **Denied.**

Based on this analysis, Plaintiff Sita's motion for Temporary Restraining Order or ex parte emergency relief is **Denied.**

**So Ordered.**

Electronically signed on 3/16/2026 4:01 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge